ADAMS & CO., Appellants, *v.* W. H. TOWN, Respondent.

A summons issued from a Justice of the Peace, at the suit of respondent against appellants, designated in no other way than by the name of "Adams & Co.," which was returned served by "leaving a copy thereof with Captain Charles B. Macy." No one appeared for defendants on the return day, and the Justice gave judgment against the defendants for $369. There was nothing on the record to connect Macy with the defendants. Defendants appealed to the County Court of Yuba County, who affirmed the judgment. Held, that the judgment was bad.

By the Constitution, this court has appellate jurisdiction in all cases where the matter in dispute exceeds $200 ; and this court and each of its justices are expressly authorized to issue all *writs* and process *necessary* to the exercise of its appellate jurisdiction; and by the 7th Section of the Judiciary Act, have authority to issue all *writs necessary* and *proper* to the complete exercise of the powers conferred by the Constitution ; and under these provisions, this court has power to issue a writ of error to the County Court, when no express provision by law exists, by which such case can be brought into this court, without process issuing from it.

WRIT of Error to the County Court of Yuba County.

The facts of the case and the arguments of the counsel are stated in the opinion of the court.

*Field,* for appellants.

*Bernard,* for respondent.

WELLS, Justice, delivered the opinion of the court. HEYDEN-FELDT, Justice, concurred.

This action was commenced in a Justice's Court, of Yuba County. In the summons and proceedings, the defendants are in no other way designated than by the name of "Adams & Co." Whether this is a sufficient designation of the defendants under our statute, it is unnecessary to decide. The constable who served the summons returned the same with his certificate, that he had served it, "by leaving a copy thereof with Captain Charles B. Macy, the 17th day of January, 1853." On the return day of the summons, no one appearing for the defendants, the Justice proceeded to take evidence as to "*the damages*" sustained by the plaintiff, and gave judgment against the defendants

for $369, including the costs.   On appeal to the County Court of Yuba County, the judgment was affirmed.   The case comes to this court from the County Court on a writ of error.

In examining the record, we can find nothing to connect Charles B. Macy with Adams & Co., who are named as defendants.   He is not mentioned in any of the proceedings of the action, as being a partner, or as having any connection with them.   Nor does the certificate of the office connect him in any manner with that firm.   The Justice could, with as much propriety, have entered judgment on a certificate of service upon any other person.   The respondent objects that this court cannot issue a writ of error to bring up a judgment of the County Court for review.   By the Constitution, this court has appellate jurisdiction in all cases where the matter in dispute exceeds two hundred dollars, and this court, and each of its justices, are expressly authorized to issue all writs and process *necessary* to the exercise of its appellate jurisdiction.   (Const., Art. VII., Sec. 4.)   By the 7th section of the Judiciary Act of 1851, this court, and each of its justices, are authorized to issue all *writs necessary* or *proper* to the complete exercise of the powers conferred by the Constitution.   A similar provision is retained in the Judiciary Act of 1853.   It would seem that the power is ample enough, if the writ be either *necessary* or *proper*.

In the Practice Act, no provision is made for any appeal from the County Court to the District Court, from a judgment rendered on appeal, except in cases involving the legality of a tax, fees, toll, impost, license, municipal or other fine, or the possession of real property; nor is there any provision for an appeal directly from the County Court to this court.   This omission has been corrected by an Amendatory Act passed in May last; but at the time the judgment in the County Court was rendered, and the writ of error in the present case was issued, there was no provision of law by which this case could have reached this court, except by some process issuing from this court.   It was therefore a proper and necessary writ. Section 333 of the Practice Act, applies only to the recovering of a judgment by appeal.   The same Act in other ttles

speaks of the reviewing of judgments in other ways—as, by the writ of certiorari.   See Sections 408, 456.   No legislation can impair the appellate jurisdiction of this court fixed by the Constitution, and this court will in all cases named in the Constitution exercise it.

The judgment of the County Court must be reversed, with costs; and that court directed to set aside the judgment before the justice.

Ordered accordingly.