JOHN MIDDLETON, Respondent, v. JAMES G. GOULD and
others, Appellants.

Where no appeal is allowed by law, the proper method to take a case to to an
appellate Court is by writ of error.

No appeal was allowed by law from a County Court to the Supreme Court prior to
the 1st day of July, 1854.

APPEAL from the District Court of the Twelfth Judicial District,
San Francisco County.

The facts fully appear in the opinion of the Court.

*Edward Stanly*, for Appellants.

*Haights* and *Gary*, for Respondent.

No briefs on file.

BRYAN, J., delivered the opinion of the Court.  HEYDENFELDT, J.,
concurred.

In this cause the respondent commenced his action against the de-
fendant, before a Justice of the Peace for San Francisco County, under
the statute regulating " forcible entries and forcible and unlawful de-
tainers," and recovered a judgment against the defendant.

An appeal was taken to the County Court, a new trial, and a judg-
ment of the same character rendered in that Court.   From this judg-
ment defendant below appealed to the Supreme Court, and filed his
notice of appeal upon the 17th of June, 1854.   Pending the appeal to
this Court by defendant Gould, from the judgment of the County
Court, this action was commenced by Middleton, the respondent, in the
Twelfth District Court, against the sureties upon the bond given, upon
appeal, to the Court below, and judgment was rendered in his favor for
the amount of his recovery in the County Court, with interest and
costs.

The principal question that arises in this cause, is as to whether an
appeal would lie at the time this was sought to be taken from the
County Court to the Supreme Court.

It has been held by this Court, that the Act to amend an Act, entitled an Act concerning the Courts of Justice of this State and Judicial Officers, page 28 Laws of 1854, which Amendatory Act was passed April 13th, 1854, in its 6th section, merely provides, what this Court can review upon appeal, when the cause is regularly before it. It does not provide for bringing the cause up, and must be construed in connection with the Act Amendatory of and supplementary to the " Act to regulate proceedings in civil cases, in the Courts of Justice of this State," page 59 Laws of 1854, and which went into effect upon the 1st of July of that year. Chapter 3d of that Act provides in what cases an appeal will lie from the County to the Supreme Court, and prescribes the method of appeal. The last Act prescribes in what cases an appeal will lie, and the former, what the Court can review upon an appeal, when once taken. There was no appeal allowed by law from a County Court to the Supreme Court upon the 17th day of June, 1854. The Act allowing appeals of this character, only went into effect on the 1st of July of that year.

The only remedy for the party agrieved at the time the appeal was taken, was to have sued out a writ of error from this Court, and upon that to have reviewed the proceedings of the Court below. I can perceive no error in the proceedings of the District Court in rendering judgment upon its findings in the cause.

The judgment of the Court is therefore affirmed, with costs.