## SACRAMENTO, PLACER, AND NEVADA RAILROAD COMPANY *v.* C. T. HARLAN.

ERROR—WRIT OF.—A writ of error does not lie in any case where an appeal is given to the Supreme Court by statute.

SAME—WHEN LIES.—In a proceeding to condemn land for railroad purposes, the decision of the Court by which the merits of the matter are finally determined is a final judgment rendered in a special proceeding, from which an appeal may be taken, and cannot, therefore, be reviewed by a writ of error.

WRIT OF ERROR to the District Court, Eleventh Judicial District, Placer County.

On the 27th of August, 1862, the Sacramento, Placer, and Nevada Railroad Company petitioned the District Court, setting forth the necessity of a right of way over the defendant's land for its railroad, and asking for the appointment of commissioners to appraise the damages, etc. The usual proceedings were had, and commissioners were appointed, who reported to the Court that the value of the land required by the railroad was one hundred and fifty dollars, and that it would cost Harlan one thousand and twenty-five dollars to build a fence each side of the railroad—for which sum they also assessed damages. The plaintiff moved to strike out so much of the report as assessed damages for the fence, which motion the Court overruled. The Court then made an order confirming the report.

It was to review this order confirming the report that the writ of error was asked.

The other facts are stated in the opinion of the Court.

*James Anderson*, for Plaintiff.

If the matter in dispute exceeds two hundred dollars, the 4th Section, Article VI, of the Constitution of California, expressly declares that this Court "*shall* have jurisdiction."

Now, if respondent does not insist that the award of the commissioners in this cause was for more than one hundred and fifty dollars, then he agrees with appellant, and appellant

Sacramento, Placer, and Nevada Railroad Co. v. Harlan.

concedes that this Court has no jurisdiction of the case.    But this concession of respondent should appear in the judgment of the Court.

The section of the Constitution above referred to declares that the Judges of this Court shall have power to issue all writs and process necessary to the exercise of their appellate jurisdiction.

Sections 336 and 347 of the Practice Act specifies in what cases one may, in the technical sense, appeal.    The case at bar does not come within the rules there laid down.

The Judge or Court *confirms* and *certifies* the report of commissioners.    (See Stats. of 1861, p. 621, Sec. 32.)    This is not an order; it does not direct anything to be done, or forbid the doing of anything; it simply indorses the appraisement of the commissioners.    It is not a judgment; plaintiff need not take the lands unless he please; but if he please to take them, he must do so as per appraisement.

A party may move for a new trial, (Sec. 31,) and the granting or refusing that would bring an appellant within the technical rules of an appeal.    But suppose, (as is the case at bar,) you do not desire a new trial?    You simply wish corrected that which is plainly of record and palpably wrong, and is not within the rules of appeals.

*Hereford & Williams*, for Respondent.

It is sought to review the action of the District Court by writ of error.    Yet this Court cannot acquire jurisdiction by that process.    This is only an appellate Court.    It cannot acquire jurisdiction except by appeal, and has power only to issue writs necessary to the exercise of its appellate powers after having obtained jurisdiction.

Writ of error is not an *appellate* process, but a *new suit*, in which there may be other or different parties than those in the lower Court.    (Bouvier's Institutes, Vol. 3, pp. 537–48; *Fermo* v. *Dickinson*, 4 Denio, 84; *Bullard* v. *Leach*, 1 Verm. 491.)

By the Court, SAWYER, J.

This is a proceeding under the Railroad Act of 1861, to acquire lands for the use of the Sacramento, Placer, and Nevada Railroad Company. The cause was brought into this Court by writ of error to the District Court of the Eleventh Judicial District, for the County of Placer.

The respondent raises an objection that this Court has no jurisdiction to review the proceeding on a writ of error, and insists that jurisdiction can only be acquired by an appeal in the ordinary mode prescribed by the Practice Act.

" The Constitution only empowers this Court to issue such writs and process as may be necessary to the exercise of its appellate jurisdiction ; if this appellate jurisdiction can be exercised without this process, then it cannot be necessary, and should not be issued." (*Haight* v. *Gay*, 8 Cal. 300.)

The old Constitution, Article VI, section four, and the Judiciary Act of 1855, section five, in force at the time when this writ was sued out, provide that "the Supreme Court shall have appellate jurisdiction in all cases where the matter in dispute exceeds two hundred dollars ;" and section six of the Act of 1855 provides that "the Supreme Court shall have jurisdiction to review upon appeal * * * a judgment in an action or proceeding commenced in * * * the District Court * * * when the matter in dispute exceeds two hundred dollars"—language as broad as the Constitution. The amended Constitution and the Judiciary Act of 1863 contain equivalent provisions.

To give effect to these provisions, Title Nine of the Practice Act prescribes the mode in which the appellate power of this Court shall be exercised in all cases embraced within the purview of that Act. Section three hundred and thirty-three provides that "a judgment or order in a civil action, except when expressly made final by this Act, may be reviewed as prescribed by this title, and not otherwise."

In *Haight* v. *Gay*, the late Supreme Court, in giving a construction to this section, say : " This provision is plain and

positive, that a judgment or order may be reviewed as prescribed by that title, and not otherwise. If, therefore, an appeal be given by that title in a particular case, the judgment or order can only be reviewed in the manner therein prescribed. In reference to cases where no appeal is given, this negative provision, ' not otherwise,' could not apply. Our conclusion is that in all cases where an appeal is given by the statute the remedy is exclusive, and must be pursued, and that a writ of error will only lie in cases where no appeal is given by the Act."

Is an appeal given by the statute in the case now before the Court ? If the decision is subject to review by this Court in any form, we think the remedy is by appeal in the usual form. Section six of the Judiciary Act of 1855 has already been cited. Section three hundred and forty-seven of the Practice Act provides that "an appeal may be taken to the Supreme Court from the District Courts in the following cases : First, from a final judgment rendered in an action, or *special proceeding* commenced in those Courts," etc.

This is unquestionably a special proceeding, commenced in a District Court, and the determination of the Court in the proceeding, we think, is a final judgment rendered in a special proceeding, within the meaning of the Act. The Court acts judicially : a petition is filed, setting up the grounds upon which the railroad company claim to acquire the right to the land ; the parties interested are summoned to appear and contest the claim. In this case they did appear and answer the petition. It was adjudged that the petitioners had brought themselves within the provision of the Act; commissioners were appointed in pursuance of the Act to assess the value of the land; testimony was taken and a report made to the Court; and this report was confirmed by the judgment of the Court. This was a judicial investigation, and the rights of the parties, and the conditions upon which the petitioners could acquire the land, were litigated and finally adjudged. The action of the Court confirming the report of the commissioners was the definitive sentence or decision of the Court, by which the

43

merits of the matter in dispute in the special proceeding were determined; and this determination appears to us to possess all the essential attributes of a final judgment, within the definition given in *Belt* v. *Davis*, 1 Cal. 137.

It follows from the view that we have taken that a writ of error does not lie in this case, and that it must be quashed.

It is so ordered.