No. 2,440.

JAMES A. PHILLIPS, APPELLANT, *v.* E. T. PEASE *et al.*, RESPONDENTS.

RAILROAD LAW. — CONFIRMATION OF REPORT OF COMMISSIONERS A FINAL JUDG-
MENT. — An order of the District Court, confirming the report of the Commis-
sioners appointed under the Railroad Law, to condemn lands for railroad pur-
poses, is a final judgment, within the meaning of Section 347 of the Practice
Act.

IDEM. — INTEREST ON AMOUNT OF AWARD. — Where land has been condemned under
the above Act, and an award of damages made, the owner of the land is entitled
to interest on the amount of the award, to commence thirty days after the final
confirmation of the report.

APPEAL from the District Court of the Third District, Santa Clara County.

The facts are stated in the opinion.

*F. E. Spencer,* for Appellant.

The Railroad Act affords a complete scheme and *special proceedings,* for having a *judgment* rendered against the land owner, depriving him of his property, and also a judgment in his favor for the value thereof, and the time when and how such judgment shall be paid.

The Practice Act defines a judgment to be "the final determination of the rights of the parties in the action or *proceedings,*" and provides that it "may be entered in term or vacation." (Prac. Act, Sec. 144 ; see, also, *Baer* v. *Davis,* 1 Cal. 137 ; *W. P. R. R. Co.* v. *Reed,* 35 *Id.* 624.)

The determination of this question by the District Court being a judgment, it follows, therefore, by force of the first section of the Interest Act of March 13, 1850, that the

amount awarded bears interest the same as any other express contract in writing.

The Act speaks of a judgment generally, without providing that it must be final, and when, therefore, we find a proceeding answering that general description, we are at liberty to commence computing interest upon it, regardless of what other uses it may be put to.

But it is, in fact, a final judgment, and the appeal taken to set it aside, all the more conclusively shows it to be such, for only from a *final* judgment could the railroad company appeal. (Prac. Act, Sec. 336.)

That a judgment, pending an appeal taken from it, bears interest, is not an open question. (*Mitchell* v. *Harmony*, 13 How. U. S. 115.)

The authorities go even further, and clearly lay down the rule that the award of the Commissioners is the definite decision which bears the interest, as contradistinguished from the order confirming it, and that, too, although both parties may be making ineffectual attempts to have it set aside. (The Isaac Newton Abb't. Adm. 588; *Concord R. R.* v. *Greely*, 3 Faster, 237; *Buckner* v. *Davis*, 28 Penn. 24.)

*S. O. Houghton*, for Respondents.

TEMPLE, J., delivered the opinion of the Court, RHODES, C. J., SPRAGUE, J., and WALLACE, J., concurring:

In 1865, the Western Pacific Railroad Company instituted proceedings in the District Court for Santa Clara County, under the provisions of the Railroad Law, to condemn certain lands of the plaintiff. On the 27th day of November, A. D. 1865, the Commissioners who had been appointed for that purpose, filed their report, awarding the plaintiff $3,000 as the damage sustained by him. This report was confirmed February 16, 1866, and from the order or judgment confirming it, an appeal was taken to this Court, by the railroad company, and the order was affirmed July 11, 1868. On the 8th of September, A. D. 1868, the company paid to plaintiff the sum of $3,000, but refused to pay any further sum as

interest upon the award. This suit is brought on the undertaking on appeal, to recover the balance due, provided the plaintiff was entitled to interest.

The right of the plaintiff to recover, depends upon the question whether the report of the Commissioners, or the order of the Court confirming the report, is a judgment.

This is no longer an open question in this State. In the case of the *Sacramento, Placer and Nevada Railroad Company* v. *Harlan* (24 Cal. 334), objection was made to the jurisdiction of the Court to review the proceedings on writ of error, and that the review could only be had by appeal, and the Court held that the order confirming the report of the Commissioners is a *final judgment*, within the meaning of the three hundred and forty-seventh section of the Practice Act, which provides for an appeal from a final judgment rendered in an action or *special proceeding* in the District Court; and, in accordance with this decision, the order confirming the report of the Commissioners in this very proceeding against plaintiff, was reviewed by this Court, on appeal.

Nor do we think this necessarily depends upon the question whether the award and judgment are binding upon the company, so as to compel them to take the land and pay the award; and upon the point whether it would have this effect, we express no opinion. "A judgment is the final determination of the rights of parties in the action or proceeding." (Sec. 144, Prac. Act.)

In *Bell* v. *Davis* (1 Cal. 137), it is said that every definitive sentence or decision by which the merits of a cause are determined, although not technically a judgment, or the proceeding, are not capable of being enrolled, is a judgment. In this case, as was said in *Sacramento, P. and N. R. R. Co.* v. *Harlan*, (*supra*,) the rights of the parties, and the conditions upon which petitioners could acquire the land, and the amount which the plaintiff was entitled to receive, was finally adjudged by the definitive sentence or decision of the Court, and there can be no doubt that the liability of the company to pay the amount of the award, became absolute, upon their appropriation of the land.

By Section 36 of the Act concerning railroads, it is pro-

vided that the railroad company shall pay or tender the amount of the award within thirty days after the final confirmation of the report, and, until that time, the company is not in default, and the money cannot be said to be due from them. We are, therefore, of the opinion that the plaintiff was entitled to interest on the amount of the award, to commence thirty days after the final confirmation of the report.

Order and judgment reversed, and the Court directed to overrule the demurrer.

CROCKETT, J., expressed no opinion.