[No. 365.   January 21, 1889.]

## UNITED STATES OF AMERICA, APPELLANT, v. NATHAN HALL, APPELLEE.

CRIMINAL LAW—PERJURY, FALSE AFFIDAVIT TO PREEMPTION CLAIM BEFORE PROBATE CLERK, SUFFICIENCY OF TO SUSTAIN INDICTMENT FOR, UNDER SEC. 5392, REV. STAT. U. S.—ACT CONGRESS, JUNE 9, 1880—CONSTRUCTION OF STATUTES.—By an act of congress of June 9, 1880, it is provided "that the affidavit required to be made by the section 2262 and 2301 of the Revised Statutes of the United States may be made before the clerk of the county court, or of any court of record of the county and state or district and territory in which the lands are situated." There is no "county court" in this territory, within the meaning of the statutes of the several states and territories of the United States where such courts exist and are known by that name; nor is the probate court a "county court," or "court of record" within the meaning of the act supra; and an oath to a preemption claim, administered before the clerk of the probate court in taking final proof under said act, was unauthorized, and insufficient to support an indictment for perjury based thereon.

APPEAL from a judgment of the Second Judicial District Court, acquitting defendant of the charge of perjury. Judgment affirmed, LONG, C. J., dissenting, and REEVES, J., concurring; but only on the ground that it was not averred in the indictment that the clerk was the clerk of the probate court, or any other court of record, of Socorro county, expressing the opinion

that the clerks of the probate court and their deputies are authorized to administer oaths for the purpose mentioned in the act of congress.

The facts are stated in the opinion of the court.

THOMAS SMITH, United States district attorney, for the United States.

W. B. CHILDERS for appellee.

A false affidavit made before an officer not authorized to administer that particular oath, although authorized to administer other kinds of oaths, will not sustain an indictment for perjury either at common law or under the statutes of the United States. United States v. Curtis, 107 U. S. 671.

By an act of congress of June 9, 1880, the affidavit required to be made by sections 2262, 2301, Revised Statutes of the United States, must "be made before the clerk of the county court, or any court of record," etc. Supp. to 1 Rev. Stat. U. S., p. 542.

The probate court is not a "county court." Under the English law the county court is of limited jurisdiction, incident to the jurisdiction of the sheriff, with other characteristics, none of which conform to our probate court. Bouv. Law Dict., title "County Court;" 3 Black. Comm. 83.

A probate court in American law is a court having jurisdiction of the probate of wills, the regulation and control of decedents estates, and a more or less extensive control of the estates of minors and other persons under the special protection of the law. Bouv. Law Dict., title "Court of Probate;" Ferris v. Higley, 20 Wall. 381.

The probate court is not a "court of record." Wherein a statute use is made of a technical term, which has a well defined meaning at common law,

resort must be had to the common law definition to ascertain the intention of the legislature. U. S. v. Magill, 1 Wash. 465; U. S. v. Jones, 3 Id. 215; U. S. v. McGill, 4 Dall. 429; McCool v. Smith, 1 Black, 459; see, also, 1 Tomlin's Law Dict. 470, title "Court of Record;" 1 Bouv. Law Dict., title "Court of Record."

The essential characteristic of a court of record is that it proceeds "according to the course of the common law." Ex parte Thistleton, 52 Cal. 224; Thayer v. Commonwealth, 12 Metc. 11.

Our probate courts do not proceed "according to the course of the common law," but are of special, peculiar, inferior, and limited jurisdiction. Arellano v. Chacon, 1 N. M. 271; Moore v. Koubly, 1 Idaho, 61; Ferris v. Higley, 20 Wall. 381, 382; Adams v. Lewis, 5 Sawyer, 230, et seq.; Hart v. Gray, 3 Sumner, 341; Seaverns v. Gerkey, 3 Saw. 364; Matthewson v. Sprague, 1 Curtis, 461; Meyers' Fed. Dec., vol. 7, sec. 2047.

Being courts of inferior, limited jurisdiction, neither they, nor their judges, nor clerks, can have any powers except such as are necessary to the exercise of their special, peculiar, limited jurisdiction, unless expressly conferred by statute. Wells on Jurisdiction, sec. 43; Peoria v. People, 20 Ill. 530.

No statute of New Mexico or the United States confers on our probate courts, or on their judges or clerks, any power to administer oaths; and any oath taken before them, unless in a proceeding necessary to the exercise of their special jurisdiction, is a nullity. Sec. 5392, Rev. Stat. U. S.; Haiglet v. Morris Aqueduct, 4 Wash. 603, 604, and 606; Hunt v. Langstrath, 9 N. J. L. 280; Stanton v. Ellis, 16 Barb. 323, 324; Christman v. Floyd, 9 Wend. 343, 344; People v. Tioga, 7 Wend. 516.

Notaries public, justices of the peace, and the secretary of the territory, are the only officers authorized to administer oaths in New Mexico. No statute of

that character applies to the probate clerk.  Comp. Laws, secs. 1742, 2446.

HENDERSON, J.—It is contended on behalf of the appellant that the probate court clerks in this territory have power to administer oaths to witnesses in the class of cases mentioned in the indictment, and in support of this contention the act of congress of June 9, 1880, is cited.  The act is as follows:  "That the affidavit required to be made by the section twenty-two hundred and sixty-two and twenty-three hundred and one of the Revised Statutes of the United States may be made before the clerk of the county court, or of any court of record of the county and state or district and territory in which the lands are situated."  The argument is that the clerk of the probate court of Socorro county was either a county court clerk or a clerk of a court of record, and that, if either, he was competent under the act of congress to administer the oath.  The statement

<span style="font-variant: small-caps">Power</span> of probate clerk to administer oaths: act congress, June 9, 1880.

in the indictment is that the person administering the oath was a deputy of the probate clerk in Socorro county, in this territory.  It was doubtless the intention of the pleader to charge that E. V. Chavez was clerk of the probate court of Socorro county.  Waiving any discussion of this mere matter of form, we will look into the intention of congress in the passage of the act of June 9, 1880, and ascertain, if possible, the real purpose had in view.  A clerk of a county court is authorized in express terms to administer the oath.  The clerk in this case was the clerk of the probate court.  There is no county court in New Mexico, within the meaning of the statutes of the different states and territories of the United States, where courts of that kind exist and are known by that name.  These courts are not modeled after the system of county courts at one time prevailing in England.  In that country county courts are of very great antiquity.  See Bouv. Law Dict. "County

Courts;" 3 Bl. Comm. 83. In the United States, county courts are usually of limited jurisdiction, and confined to the fiscal and other local concerns of the county. Courts of probate are usually invested with a wholly different jurisdiction, such as the probate of wills, granting letters testamentary and of administration, the administration of the estates of deceased persons, guardianships, and subjects of a kindred nature. Probate courts in America more nearly resemble the ecclesiastical courts of England than the county courts of that country. We can not think it was the intention of congress, in using the phrase "county courts," to have intended the probate courts of the county, when there is nothing in the act that points in any way to that construction.

In a criminal case the pleader must bring the defendant clearly within the intention of the law, and within the words of the statute, if the offense be founded upon the statute alone. U. S. v. Cruikshank, et al., 92 U. S. 542. Is the probate court a court of record? We think not. Bouvier defines a "court of record" in the following terms: "A judicial, organized tribunal, having attributes, and exercising functions, independently of the person of the magistrate designated generally to hold it, and proceeding according to the course of the common law." Law Dict., tit. "Courts of Record." The essential characteristic of a court of record is that it proceeds "according to the course of the common law." Ex parte Thistleton, 52 Cal. 224; Thayer, v. Com., 12 Metc. 11. The probate courts do not proceed according to the course of the common law, but are of special, peculiar, and limited jurisdiction. Arellano v. Chacon, 1 N. M. 271; Moore v. Koubly, 1 Idaho, 61; Ferris v. Higley, 20 Wall. 381, 382; Adams v. Lewis, 5 Sawy. 230; Hart v. Gray, 3 Sum. 341; Mathewson v. Sprague, 1 Curt. 461. Being courts of limited jurisdiction, they have no powers except such

as are necessary to the exercise of their special, peculiar, and limited jurisdiction.    Peoria v. People, 20 Ill. 530.    The case of Fowler et al. v. Merrill, 11 How. 375, cited by appellant, is not opposed to anything here cited.    That was an exception to a deposition in a civil case, and the construction given the statute there, if the case be in any way in point, can not be regarded as authority in a criminal case, where a strict, rather than a liberal, construction must prevail.    The interpretation given by the officers of the interior department at Washington in allowing proofs to be made before clerks of the probate courts can have no influence upon the courts in a criminal case, where the language used in a statute of the United States must be construed according to its real meaning, and according to well-known canons of interpretation applicable to the case before the court.    Affirmed.

LONG, C. J., dissents.

REEVES, J.—I believe that the clerks of the probate court and their deputies are authorized to administer oaths for the purpose mentioned in the act of congress.    I concur in affirming the judgment of the district court because it is not averred in the indictment that Chavez was the clerk of the probate court, or any other court of record, of the county of Socorro.