(January 26, 1893.)

## STATE v. REED.

[32 Pac. 202.]

PRACTICE—APPEAL—WRIT OF ERROR.—Where the statutes fail to provide for an appeal from a final judgment of the district court to the supreme court, the supreme court will entertain a writ of error or other proper writ to bring such judgment before it for review, under the provisions of section 9 of article 5 of the state constitution.

SAME—IN CRIMINAL CASES.—The statutes of Idaho provide for the reviewing, on appeal, of an order of the district court, overruling an application for a change of place of trial in a criminal case. Such order, not being final, can only, under the provisions of the Penal Code, be reviewed on appeal from the final judgment.

(Syllabus by the court.)

WRIT OF ERROR dismissed from District Court, Shoshone County.

Albert Hagan, Ganahl & Bushnell and A. A. Fraser, for Plaintiff in Error.

Under the statutes regulating appeals in criminal cases, an exception taken under section 7945 of the Statutes of Idaho, subdivision 1, "in refusing to grant a motion for a change of place of trial," could not be heard by this court until after final judgment, or, rather, on an appeal from a final judgment of conviction. (Idaho Stats., sec. 8042.) The constitution seems to have introduced a change in this system—a change long needed—under which the rights of defendants are more surely protected, and the unnecessary cost to the state of protracted criminal trials, therefore, saved. Section 9, article 5 of the constitution of Idaho says: "The supreme court shall have jurisdiction to review upon appeal any decision of the district courts, or of the judges thereof." We contend, as we have before stated, that this provision of the constitution is mandatory and self-executing. The section of the constitution of Idaho above referred to does not contain the words "as shall be prescribed by law," or a provision of like import, and hence is self-executing and in effect *in praesenti.* (*People v. McRoberts,* 62 Ill. 41.) Recapitulating our views on this matter we hold: 1. That this section of the constitution is self-exe-

cuting; 2. That it was intended to remove any existing mischief; 3. That it gives the right of immediate appeal from any decision of a district court, or the judge thereof; 4. That the order denying a change of the place of trial in this case is a decision; and 5. That this provision of the constitution went into effect *in praesenti*. The defendant is charged with murder. The law of presumptive innocence protects him at every stage of the investigation, and the reasonable doubt can be invoked as the necessary shield at every step. And upon inspection of the facts, disclosed upon the motion below, we urge that where there is doubt whether a fair and impartial trial can be had at the place of trial, the court should not subject the defendant to the risk of a trial other than a fair and impartial one. (*People v. Webb*, 1 Hill, 179, and cases cited; *People v. Vermillia*, 7 Cow. 179; *King v. Nottingham*, 4 East, 208; 1 Chitty's Criminal Law, sec. 201; *State v. Nash*, 7 Iowa, 347.)

George M. Parsons, Attorney General, and Selden B. Kingsbury, of Counsel, for the State.

The questions involved are disposed of by a faithful and conscientious interpretation of the first sentence of section 9 of article 5 of our constitution. This sentence is as follows: "The supreme court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof." Our laws provide that the order refusing to grant a change of place of trial may, on exception taken and preserved in the record, be reviewed on appeal to this court from final judgment, or from order overruling motion for new trial. (Stats., secs. 7943, 7944, 7950, 7952, 8042-8044; Rev. Stats., sec. 8071.) Our constitution gives right of review "upon appeal" and provides that the legislature "shall provide a proper system of appeals." Thus the "review" mentioned in the text is "upon appeal," and the legislature has provided the proper system. The system provides, in such a case as the one before us, that the point shall be saved by bill of exceptions, or statement, and that it may then be reviewed by this court upon an appeal from the judgment or from order overruling motion for new trial. It provides that no appeal can be taken until after trial and final judgment. (*People v. Clarke*, 42 Cal. 622; *People v. Majors*, 65 Cal. 100, 3 Pac. 401, and 65 Cal. 138, 52 Am.

Rep. 295, 3 Pac. 597.) If appeal lies and is provided for, error will not lie. (2 Hayne on New Trial and Appeal, p. 913, sec. 301; S. P. R. R. Co. v. Harlan, 24 Cal. 334.) Nor will error lie in any case before final judgment. (Stats., sec. 3817; Powell's Appellate Proceedings, p. 43, sec. 87; p. 46, sec. 15; p. 83, sec. 20; p. 103, sec. 5.)

HUSTON, C. J.—The defendant was indicted at the September term, 1892, of the district court of Shoshone county, for the crime of murder. On October 3, 1892, he was arraigned, and demurred to the indictment, and, the same being overruled, on the sixth day of October, 1892, he entered his plea of not guilty, at same time giving notice in open court that he would apply for a change of venue, and on same day filed his petition and certain affidavits in support thereof. The motion for change of venue being overruled, defendant applied to this court for a writ of error, and brings said ruling of district court to this court for review. Writ of error was issued, and upon the return thereof the attorney general moves to dismiss the same upon the ground that such writ will not lie from an order overruling a motion to change the place of trial of a criminal case. Argument was heard upon the motion and case together.

Section 9, article 5 of the constitution of Idaho provides as follows: "The supreme court shall have jurisdiction to review upon appeal any decision of the district courts or the judges thereof"; and it is contended by defendant that there being no provision in the statutes of Idaho for an appeal from an order of the district court overruling a motion for a change of venue in criminal cases, such order being final, it is within the power and jurisdiction of the supreme court to review the same upon writ of error. It is conceded by counsel for the defendant that the term "and decisions," as used in the section of the constitution above referred to, is not to be construed as meaning all decisions made by said courts, or the judges thereof, during the progress of a trial, but only such as are final; and he claims that an order of the court overruling a motion for a change of place of trial is final, and counsel have argued ably and ingeniously in support of such contention, and cite many authorities which they claim support their view. Thus far we may go with counsel for defendant in their contention. If there is no

provision in the statute by which a defendant in a criminal case may have the order of the district court overruling his motion for a change of place of trial "reviewed on appeal," then, under the provision of section 9, article 5 of the constitution, he may have his writ of error, or such other proper writ as this court may see fit to issue to reach that end. The decisions in *Ex parte Thistleton,* 52 Cal. 220, *People v. Jordan,* 65 Cal. 644, 4 Pac. 683, and the other cases cited by defendant's counsel, all recognize and proceed upon this principle.

It would seem, then, that the questions involved in this case are simply these: 1. Is the order of the district court overruling defendant's motion for a change of venue a final order? 2. Do the statutes of Idaho provide for a "review on appeal" of such order? We have not been cited to, nor have we been able to find, a case where a direct appeal has been allowed from an order overruling a motion for change of venue in a criminal case, nor have we seen any authority holding that such an order is final. Powell on Appellate Proceedings, section 15, treating of proceedings in error, says: "It was an established principle in such proceedings in error that the appellate court would not sustain such proceedings in error except upon the final judgment in the court below; for, if there were further proceedings in the court below previous to final judgment, the proceedings in error would not be sustained for two reasons: 1. Because in such further proceedings in the case the error excepted to might be so far corrected as that the party would have nothing to complain of; and 2. Because otherwise the case might be brought up on error repeatedly, while by waiting until the final judgment the appellate court could dispose of the errors in the case at once." In the case under consideration the defendant has not, by reason of the action of the district court in overruling his motion for a change of venue, been deprived of the right to make it again, should his counsel deem such a course advisable in the further progress of the case, nor is it necessarily presumable that the court would adhere to its first ruling should the circumstances under which the second application is made warrant the court in coming to a different conclusion. It is by no means an unheard of proceeding for the trial court, after having once refused a change of venue in a criminal case, to conclude in the further progress of the case, as by the failure, after repeated efforts, to secure a jury,

to then announce to the defendant that it will entertain another motion for change of venue; and we do not know that such action on the part of the trial court has ever been considered erroneous or irregular. I know of nothing in the law that limits the number of times a defendant may apply for a change of venue; and if a direct appeal is allowable, or a review of every decision adverse to defendant on such motion is permissible, it is perceivable that the limit of appeals or writs of error in a given case would be the limit of the ingenuity of a defendant or his counsel in devising new grounds upon which to base his application, and the ends of justice might thereby be practically defeated. While the law guarantees to every defendant charged with crime a speedy trial, experience teaches us that it is not every defendant who is anxious to avail himself of that privilege. Again, should a trial result in the acquittal of the defendant, he would then, in the language of the authority above quoted, "have nothing to complain of." The court will not presume that a ruling adverse to a defendant in the progress of the trial of a case has been injurious to, or has substantially affected, his rights, until such fact has been established by final judgment in the case. Says Chief Justice Marshall in *United States v. Bailey*, 9 Pet. 272: "Policy would forbid writs of error or appeals until the judgment is final. If an interlocutory judgment or decree could be brought to the court of error, the same case might be again brought up after a final decision, and all the delay and expenses incident to a repeated revision of the same case be incurred." It has been repeatedly held by the supreme court of California that a writ of error would not lie in any case where an appeal is given to the supreme court by statute. (*Adams v. Town*, 3 Cal. 247; *Middleton v. Gould*, 5 Cal. 190; *Haight v. Gay*, 8 Cal. 297, 68 Am. Dec. 323; *Railroad Co. v. Harlan*, 24 Cal. 334; *Ex parte Thistleton*, 52 Cal. 220.) Without the aid of the statute, no exceptions were allowed to a defendant in a criminal case. Bills of exception in a criminal case were unknown to the common law. Chapter 1, title 9, page 838 of the Revised Statutes of Idaho provides for appeals in criminal cases, that such appeals can be taken on questions of law alone, which must be presented by bill of exceptions. Chapter 5, title 7 of the Penal Code enumerates the exceptions allowable to a defendant in a criminal case, among which are (section 7943): "Subdivision

1. In refusing to grant a motion for a change of the place of trial. Subdivision 2. In refusing to postpone the trial on motion of the defendant." Various other exceptions are given in said chapter 5, a decision upon any one of which would be as final as a decision upon a motion to change the place of trial.

Said chapter 5 also provides the manner in which such exceptions may be brought before the supreme court for review on appeal. It cannot then be claimed in verity that our statutes do not provide for an appeal in the case under consideration. Not only is it provided for, but the manner in which it shall be taken is fully and sufficiently set forth in the statutes referred to. The case of *People v. Jordan,* 65 Cal. 644, 4 Pac. 683, cited by defendant's counsel, turned upon the very ground we have been considering—that is, that the Penal Code of that state made no provision for an appeal in criminal actions except "in criminal actions amounting to felonies." (Cal. Pen. Code, par. 1235.) But the supreme court of that state, by article 6, paragraph 4, of the constitution of California, has appellate jurisdiction "in all criminal cases prosecuted by indictment or information." The defendant was prosecuted by indictment. From an order sustaining defendant's demurrer to the indictment the people appealed. The court held that the order appealed from was a judgment. The question of the frivolity of the judgment sustaining a demurrer to the indictment was not mooted in that case, nor do we see how it could be, seriously. It disposed of the case. There was nothing further to be done under that indictment, it not being amendable; and, the statutes of California making no provision for an appeal from such final judgment, the court, under the provisions of the constitution referred to, issued its writ of error, and denied the respondent's motion to dismiss the same. We see nothing in this case that conflicts with the conclusion we have reached in the case under consideration. *Regan v. McMahon,* 43 Cal. 625, was an appeal from an interlocutory decree in an action of partition. The statutes of California then in force provided for a direct appeal from such a decree; and the court held, adopting the language of same court in *McCourtney v. Fortune,* 42 Cal. 387, that, "upon appeal from a final judgment, an order made in the cause which is itself, by the statute, made the subject of a distinct appeal, cannot be reviewed." And to the same effect is the decision in the case

of *Hihn v. Peck*, 30 Cal. 280. An appeal lies under the statutes of Idaho from an order granting or refusing a motion for a change of place trial in a civil case (Rev. Stats., par. 4807, subd. 3), but it is solely by reason of such provision of the statute that such an appeal will lie. The statutes of Idaho having provided for the review on appeal of an order of the district court overruling a motion for a change of the place of trial in a criminal case, a writ of error will not lie for the review of such order by this court. The writ of error is this case will be dismissed.

Morgan and Sullivan, JJ., concur.