[Civ. No. 6851. Second Appellate District, Division One.—November 1, 1929.]

R. W. RICHARDSON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

James H. O'Neil for Petitioner.

E. W. Mattoon, County Counsel, L. K. Vobayda, Deputy County Counsel, and J. Everett Brown for Respondents.

HAHN, J., *pro tem.*—Petition for a writ of ·mandate to compel the Superior Court of the State of California, in and for the County of Los Angeles, and J. Walter Hanby, Judge of said court, to order L. E. Lampton, county clerk of Los Angeles County, to issue a writ of assistance directed to the sheriff of Los Angeles County to let petitioner into the possession of certain real property sold under a foreclosure

sale and conveyed to the petitioner by sheriff's deed, and to compel L. E. Lampton, clerk of said court, to issue such writ.

It appears from the amended petition that in June, 1925, Grace E. Jones, then being the wife of Frank Jones, brought action in the Superior Court, in and for the County of Los Angeles, seeking a partition of the real property, which is the subject of this proceeding, and which the said Grace E. Jones alleged was owned by herself and her husband, Frank Jones, as joint tenants. In addition, the plaintiff asked for an accounting of the rents collected by her husband, Frank Jones, from the joint property. Earl L. Jones, son of Frank Jones, was joined with his father as defendant, it being alleged that he was the holder of two mortgages which were liens upon the property.

Frank Jones filed an answer denying all of the material allegations of the complaint except that he and plaintiff were husband and wife. Earl L. Jones with his answer also filed a cross-complaint asking for a decree of foreclosure of two mortgages. It also appears from the record that at the time of the filing of this action, and continuously during the proceeding, plaintiff, Grace E. Jones, and defendant, Frank Jones, did not live together as husband and wife, but were living separate and apart, the plaintiff, Grace E. Jones, depending for her support upon her own efforts.

The court found that the plaintiff and defendant were joint owners of the property in question; that the plaintiff was entitled to an accounting from her husband, Frank Jones, on account of the rents collected by him from the property, and upon such accounting found that the plaintiff was entitled to judgment against her husband for the sum of $472.44. The court also found that the mortgages held by Earl L. Jones constituted a first lien upon the property. The judgment and decree of the court was that the property be sold by the sheriff, and that out of the proceeds derived from the sale the mortgage liens were first to be satisfied; that the surplus, if any, remaining in the hands of the sheriff was to be divided equally between the plaintiff, Grace E. Jones, and her husband, Frank Jones, provided, however, that Grace E. Jones was to have a lien on the share of Frank Jones in said surplus to the extent of the amount of her judgment against him for $472.44.

The record discloses that the property was sold in accordance with the decree of the court; that the mortgage liens were paid in full and that there remained from the proceeds of the sale a surplus of $3,422.92, which sum was distributed in accordance with the decree and judgment of the court, Frank Jones receipting to the sheriff for the amount payable and paid to him.

At the time of the foreclosure sale plaintiff, Grace E. Jones, bid in the property and received from the sheriff a certificate of sale therefor. This certificate was immediately thereafter assigned and transferred by Grace E. Jones to the petitioner herein, it being alleged in the petition that the funds used by the said Grace E. Jones in purchasing and paying for said property at said sale were furnished by the petitioner.

Upon the expiration of the period of redemption the sheriff executed and delivered to petitioner a deed to the premises, the grantee in said deed being the petitioner, which deed was duly recorded in the office of the county recorder of Los Angeles County. Petitioner thereupon presented his sheriff's deed to and demanded of Frank Jones the possession of said premises, he having continued to occupy the said premises during the entire foreclosure proceedings and the period of redemption. This demand was refused by Jones, whereupon petitioner made demand of L. E. Lampton, county clerk of Los Angeles County, for a writ of assistance, directed to the sheriff of Los Angeles County, to let petitioner into possession of the property in question, which demand was refused. Upon the refusal of the county clerk to issue the writ, petitioner filed application with the Superior Court for a writ of mandate to compel the county clerk to issue such writ of assistance. The matter came on before the court upon notice, and after a hearing at which Frank Jones and his counsel resisted the issuance of the writ, the court refused to issue the writ. Thereupon the petitioner applied to this court for a writ of mandate.

In response to the alternative writ issued respondents filed a general demurrer to the petition and also an answer. The answer denies, upon information and belief, that any of the money paid by Grace E. Jones toward the purchase price of the property at the sheriff's sale was furnished or paid by R. W. Richardson, the petitioner, and also

denies, upon information and belief, that the petitioner either presented to Frank Jones the sheriff's deed or demanded of Frank Jones the surrender of possession of the property in question. In addition, respondents in their answer assert four separate defenses, which may be stated briefly as follows:

1. That because the petitioner was not a party to the partition and foreclosure proceedings in the Superior Court, he is not entitled to apply for or receive the aid of this court in the form of a writ of mandate to put him in possession of the property.

2. That, inasmuch as the property in question was at the time of the filing of the partition action the joint property of Grace E. Jones and her husband, Frank Jones, when Grace E. Jones became the purchaser of the property at the foreclosure sale she took title as trustee for the joint tenancy.

3. That the purchase price paid by Grace E. Jones for the property at the sheriff's sale was the community property of Frank Jones and Grace E. Jones, and, hence, the property so acquired at the sale became the community property of Grace E. Jones and Frank Jones.

4. That there is another action pending in the Superior Court in and for the County of Los Angeles wherein the property here involved is the subject of litigation.

Respondents present in their briefs no particular argument in support of their general demurrer, but content themselves with citing the same authorities that they cite in support of their four separate defenses. We, therefore, assume that a discussion of the points recited in the separate defenses will cover the points involved in their demurrer.

 There is no merit in the first point urged that the petitioner herein is not entitled to be heard upon an application for a writ of mandate because he was not a party to the partition and foreclosure suit in the Superior Court. The only case cited by respondents in support of this contention is that of *Langley* v. *Voll*, 54 Cal. 435, wherein the department opinion was modified by the court in bank by eliminating that portion which declared that a grantee of a purchaser of real property at a judgment sale was not entitled to a writ of assistance to let him into the property, on the ground that a determination of that question was not necessary to support the decision.

On the other hand, in the case of *Sullivan* v. *Superior Court*, 185 Cal. 133 [195 Pac. 1061], it was held that the purchaser at a sale, although not a party in the foreclosing proceeding, is entitled to a writ of assistance to obtain possession of the property purchased, and that a writ of mandate will issue directing the issuance of such writ of assistance. The court in the Sullivan case points out a provision in the judgment and decree of foreclosure, which is similar to that contained in the decree of foreclosure under which the property here involved was sold, which reads as follows: "It is further ordered, adjudged and decreed that the purchaser or purchasers of said mortgaged premises under said mortgages at such sale be let into possession thereof and that any of the parties to this action who may be in possession of said premises, or any part thereof, and any person who, since the commencement of said action has come into possession under them or either of them, deliver possession thereof to such purchaser or purchasers on the production of the Sheriff's deed for such premises or any part thereof."

While it is true that the petitioner herein was not himself a purchaser of the property at the sale, there would seem to be neither reason nor rhyme in holding that a purchaser at a sale would be entitled to a writ of assistance to gain possession of the property, but that the assignee or grantee of the purchaser should not have the aid of the arm of the court to be placed into possession of property which has been duly deeded to him by the sheriff upon a proper transfer and assignment of the sheriff's certificate.

Respondents' second defense is based upon the equitable proposition that a joint tenant, who bids in the property owned in joint tenancy at a judgment sale, takes title for the benefit of all of the joint tenants. But this rule is not applicable to the instant case for the reason that the action filed by Grace E. Jones against her husband, Frank Jones, was for the very purpose of terminating the joint tenancy, and the judgment of the court, while including a decree of foreclosure of the mortgages, operated to terminate the joint tenancy by directing the distribution of the joint tenancy funds remaining after payment of the mortgage liens. The record shows that each of the joint tenants received his respective share as decreed by the court.

The joint tenancy having been terminated by judicial decree, the case of *Huntington* v. *Perrin*, 65 Cal. App. 20 [223 Pac. 94], cited by respondents, is not in point.

■ It is next urged that when Grace E. Jones bid in the property, she then being the wife of Frank Jones, the money which she used to pay for the property is presumed to be community funds and that hence the property she acquired became community property. Petitioner's answer to this contention is, first, that under section 164 of the Civil Code, "whenever any . . . property . . . is acquired by a married woman by an instrument in writing, the presumption is that the same is her separate property." (*Heney* v. *Pesoli*, 109 Cal. 53 [41 Pac. 819]; *Jordan* v. *Fay*, 98 Cal. 264 [33 Pac. 95]; *Union Oil Co.* v. *Stewart*, 158 Cal. 149 [Ann. Cas. 1912A, 567, 110 Pac. 313].)

■ A second answer is that it appearing from the record that Grace E. Jones and her husband, Frank Jones, were living separate and apart at the time Grace E. Jones bought in the property at the foreclosure sale, this property would become the separate property of Grace E. Jones in that it would be an "accumulation" as provided by section 169 of the Civil Code. The Supreme Court of this state in the case of *Union Oil Co.* v. *Stewart*, 158 Cal. 149 [Ann. Cas. 1912A, 567, 110 Pac. 313], interprets the term "accumulation" as applying to the acquisition of property by grant deed during the time a wife lives separate and apart from her husband.

The respondents state their fourth and last defense to the issuance of the writ as follows: "That there is another action pending between the parties hereto, to-wit: Frank Jones vs. Grace E. Jones and R. W. Richardson, being action No. 76227, and that the subject matter of this writ is being litigated in said action."

■ Respondents do not elaborate this statement by suggesting that either by practice or authority this court is precluded from granting the relief prayed for by petitioner, because of the other pending action. Nor are we aware of any rule or authority that would preclude granting the relief prayed for, if upon the facts of the case the petitioner is entitled to relief. There is nothing in the brief statement presented in respondents' answer which would enable this court to conclude that the relief here prayed for would or

could be granted in the action now pending in the Superior Court. Whether the action pending is one for divorce with the determination of the property rights of the parties as a collateral issue, or whether it is one in which some other question affecting the title to the property is involved, we are unable to determine. In any event, so far as the case of Grace E. Jones as plaintiff *v.* Frank Jones and Earl L. Jones as defendants is concerned, we must presume, in the absence of any evidence to the contrary, that the judgment has become final, and that petitioner is entitled to be put in possession of any rights he may have which flow from the judgment.

We therefore conclude that the demurrer of respondents to the petition is without merit and should be overruled; that the petitioner is entitled to the relief prayed for, and that a peremptory writ of mandate should issue to L. E. Lampton, county clerk of Los Angeles County and clerk of the Superior Court of the State of California, in and for the county of Los Angeles, requiring him to issue to petitioner a writ of assistance in accordance with the terms of the decree of foreclosure and sale in the case of Grace E. Jones *v.* Frank Jones and Earl L. Jones, being case No. 171492 in the Superior Court of the State of California, in and for the County of Los Angeles, directed to the sheriff of Los Angeles County, directing him to let petitioner into the possession of the property described in said decree of foreclosure.

Let the peremptory writ issue.

Conrey, P. J., and Houser, J., concurred.