[Civ. No. 40000. Second Dist., Div. One. Nov. 30, 1972.]

In re the Marriage of BOBBIE VERNON and VIOLET L. WALL.
BOBBIE VERNON WALL, Appellant, v.
VIOLET L. WALL, Respondent.

## COUNSEL

Shield & Smith and Carl M. Hovland for Appellant.

Donald H. Davidson for Respondent.

## OPINION

**THOMPSON, J.**—This is an appeal from a portion of an interlocutory judgment of dissolution of marriage declaring that a winning Irish Sweepstakes ticket is the separate property of respondent, wife. We affirm the judgment.

Read as it must be in the light most favorable to the findings of the trial court, the record reveals the following. Appellant (husband) and re-

spondent (wife) were married in 1965. They originally separated in 1968. In December of that year, husband filed a complaint for divorce and wife filed a cross-complaint for the same relief. They reconciled but the action was not dismissed. In March 1971, husband and wife again separated. Wife moved from the family home. She lived for a brief period with her daughter by a prior marriage, and then in the home occupied by her first husband and their son.

Wife pursued the pending marital dissolution proceeding, prosecuting an order to show cause for temporary support. On April 29, the court awarded her support in the sum of $150 per month, payable on the first and fifteenth of each succeeding month. Husband made the May payments required by the order. Although his checks were dated May 1 and May 15, each was delivered several days after its date. Wife paid one-half of the rent on the home occupied by her son and first husband, and a portion of the grocery and utility bills. Her expenses exceeded $150 per month, and she supplemented her income by baby-sitting fees of $40 to $45 in May. Her total expenses exceeded the support payments and her baby-sitting income. Wife had no funds on the date of separation. In the latter part of May 1971, wife purchased a ticket on the Irish Sweepstakes for $2.50, taking the ticket in the name of Violet Foster, her name when married to her first husband. On July 1, 1971, wife was notified that she had won $120,000 on her ticket.

The matter at bench reached trial on the issues of dissolution of marriage and disposition of community property on February 17, 1972. The proceeds of the sweepstakes ticket had not yet been paid. Husband claimed that the ticket was community property of the marriage in which he had a one-half interest. The trial court found to the contrary, and awarded the ticket to wife as her separate property. Husband perfected his appeal to this court, contending that the record establishes a community interest in the ticket as a matter of law because the ticket was acquired by wife with commingled separate and community funds. Analysis of applicable law dictates rejection of appellant's contention.

■ "The earnings and accumulations of a spouse . . . while [living] separate and apart from the other spouse, are the separate property of the spouse." (Civ. Code, § 5118.) Here the source of the funds with which the sweepstakes ticket was purchased was either earnings of the wife (baby-sitting fees) or her accumulations (support payments received by her), acquired while she was living separate and apart from appellant husband.

The characterization as separate property of wife's baby-sitting fees is clear. Husband admits that those fees are earnings after separation and hence wife's separate property. The status of the temporary support pay-

ments received by wife from husband presents a more difficult problem. "Accumulations," as used in the statute as a definition of separate property, is by no means as precise a term as "earnings." The few California cases that have dealt with the concept of "accumulations" after separation have applied a very broad definition to the term. Our Supreme Court in 1910 stated that the term applies "to any property which a person acquires and retains" except for property obtained in exchange for community property or community funds. *(Union Oil Co.* v. *Stewart,* 158 Cal. 149, 156 [110 P. 313].) That definition has been applied as the basis of decision that a wife separated from her husband holds as her separate property and not as community property of the marriage: real property acquired by the wife from the husband by adverse possession after her separation from him *(Union Oil Co.* v. *Stewart, supra,* 158 Cal. at p. 156); real property previously held in joint tenancy by the wife with her husband purchased by her at a foreclosure sale after separation with funds advanced by a third party *(Richardson* v. *Superior Court,* 101 Cal.App. 638, 644 [281 P. 1077]); funds secured to operate a sawmill owned and operated by the husband prior to separation where the funds were loaned on a note signed by the wife after separation *(Tagus Ranch Co.* v. *First Nat. Bk.,* 7 Cal.App. 2d 457, 460-461 [46 P.2d 809]); damages for wrongful death of a child of the marriage in the custody of the wife after separation *(Christiana* v. *Rose,* 100 Cal.App.2d 46, 56 [222 P.2d 891]); and damages for abuse of process in an action instituted by the wife after separation *(Spellens* v. *Spellens,* 49 Cal.2d 210, 242 [317 P.2d 613]).

■ Here the temporary support payments received by respondent wife are property acquired or retained by her after separation from her husband. They are not property acquired by the wife in exchange for community property or funds. Temporary support payments are of a nature incompatible with their treatment as the community property of the separated marital partners. The purpose of the award is to enable the separated wife to live in her accustomed manner pending the dissolution action. The payments are ordered to prevent diminution of the wife's separate estate as nearly as practicable until the chancellor shall finally determine whether either party is entitled to relief in equity. (3 Witkin, Summary of Cal. Law (7th ed. 1960) Husband and Wife, § 87, and cases there cited.) The purpose of those payments would be totally frustrated if they were to be treated as community property and thus subject to the management and control of the separated husband. The policy underlying payment of temporary support thus requires that the payments when made are the separate property of the recipient.[1]

---

[1] The same result could now be reached by a technical application of the general rule. The trial court could properly have inferred from evidence that appellant husband

We conclude that whether the source of payment for the sweep-stakes ticket is treated as the baby-sitting earnings of wife or as in the accumulations from temporary support received by her, the source is wife's separate property. We thus need not consider a significant issue not raised by the parties—whether the expectancy of financial advantage in a contract illegal in California is susceptible of division as community property.

The judgment is affirmed.

Lillie, Acting P. J., and Clark, J., concurred.

---

dated the temporary support checks on the first and fifteenth of the month but held them for delivery days later and that he had no funds with which to make them good except for his own earnings after separation. Since those earnings were in turn separate property of the husband by operation of Civil Code section 5118, their source is not in the community property of the marriage.