ZOLTOWSKI *v.* JUDGE OF RECORDER'S COURT.

CONDEMNATION PROCEEDINGS—NEW TRIAL.

Under 3 How. Stat. § 3064*k*, providing that motions for a new trial in proceedings by cities and villages to condemn property for public use shall be made within two days after the rendition of the verdict, unless further time is allowed by the court, and that if no such motion is made, or, being made, is overruled, the court shall enter judgment confirming the verdict, and that such judgment, unless reversed by the Supreme Court, shall be final and conclusive, the power to grant a new trial is exhausted when a motion therefor has once been denied and the verdict confirmed.

*Mandamus* by Peter Zoltowski and others to compel Fitzwilliam H. Chambers, judge of the recorder's court of Detroit, to vacate an order granting a new trial in condemnation proceedings. Submitted April 6, 1897. Writ granted April 27, 1897.

*John J. Speed*, for relators.

*Charles D. Joslyn*, for respondent.

MONTGOMERY, J. This is an application for a *mandamus* to require respondent to set aside an order granting a new trial in a condemnation proceeding. The petition in recorder's court was filed under Act No. 124 of the Public Acts of 1883, authorizing cities and villages to

take private property for public use, on the 14th of June, 1893. August 30, 1893, the verdict of the jury was rendered, finding necessity for the improvement, and awarding relators $13,398 as compensation for the property taken. The time to move for a new trial was extended from time to time. On February 26, 1894, a motion was made by the city for a new trial, and that the verdict be set aside. This motion was, on the same day, overruled, and an order entered confirming the verdict of the jury. The bill of exceptions was filed, to remove the case to this court, but on the 9th of October, 1894, the appeal to this court was dismissed by consent. On the 18th of October, 1894, an order was entered in the recorder's court directing its clerk to certify the verdict to the common council. On the 24th of October, 1894, the verdict was certified to the common council. On the 2d of December, 1896, petition was filed in the circuit court for *mandamus* to compel the common council to pay the award. On the 12th of January, 1897, the order for *mandamus* against the common council was granted by the circuit court. On February 10, 1897, the city entered a motion in the recorder's court that the verdict and order of confirmation be set aside, and a new trial granted. On the 8th of March, 1897, an order was made setting aside the judgment of confirmation, and ordering a new trial.

Section 11 (3 How. Stat. § 3064*k*) of the act under which the proceedings were taken reads as follows:

"Motions for a new trial or to arrest the proceedings shall be made within two days after the rendition of the verdict, unless further time is allowed by the court; and if no such motion is made, or, being made, is overruled, the court shall enter an order or judgment confirming the verdict of the jury; and such judgment of confirmation, unless reversed by the Supreme Court, shall be final and conclusive as to all persons interested therein."

We think this section marks out the exclusive course of procedure after verdict, and that when the application has

once been made for a new trial, and denied, and the verdict of the jury confirmed by the court, the power to grant a new trial is exhausted.

The writ should issue as prayed.

The other Justices concurred.