[S. F. No. 1873.    Department One.—October 26, 1901.]

SAN FRANCISCO AND SAN JOAQUIN VALLEY RAILWAY COMPANY, Respondent, v. GEORGE LEVISTON, Appellant.

EMINENT DOMAIN — ACTION TO CONDEMN LAND FOR RAILROAD — PLEADING — CONSTRUCTION OF CODE. — A railroad company organized to construct and operate a steam-railroad to carry passengers and freight for hire, is a common carrier, and is authorized by the Code of Civil Procedure to condemn land for its use; and it need not aver in its complaint that it was organized for "*public* transportation," as mentioned in subdivision 4 of section 1238 of the Code of Civil Procedure. The clause in which those words occur was intended to qualify only the words, "canals, ditches," and has no application to railroads.

ID. — LOCATION, GENERAL ROUTE, AND TERMINI OF ROAD — CERTAINTY.
— A complaint showing an incorporation for the purpose of construct-
ing a railroad, "commencing at the city and county of San Francisco,"
and "running in a general easterly direction to Stockton, and
thence in a general easterly and southerly direction to a point in
the vicinity of Bakersfield," shows the location, general route, and
termini of the road with sufficient certainty.

ID. — FINDINGS — ADMISSIONS — EVIDENCE — ERROR WITHOUT PREJUDICE.
— Where the court, in the action to condemn land, found that all of
the allegations of the complaint were true, and the findings of the
court and verdict covered all of the issues, and were sustained by
the evidence, an erroneous finding, that certain allegations of the
complaint were admitted by the defendant in open court, is not
prejudicial to the defendant.

ID. — INTEREST — COSTS — CONDITION OF CONDEMNATION. — The code
does not provide for interest on the verdict; and does not require
the payment of costs as a condition of the final order of condemna-
tion. The only condition imposed is the payment of the sum of
money assessed, within thirty days after final judgment, and that
excludes any other condition.

APPEALS from a judgment and final order of condemnation
of land in the Superior Court of Contra Costa County. Joseph P.
Jones, Judge.

The facts are stated in the opinion.

Riordan & Lande, and William Leviston, for Appellant.

.E. F. Preston, and William S. Wells, for Respondent.

SMITH, C. — Appeals from judgment and final order of
condemnation in suit to condemn defendant's land.

The complaint was demurred to generally, and on the
special grounds (among others) that it is ambiguous,
unintelligible, and uncertain in its allegations as to the
location, general route, and termini of the plaintiff's road,
and, also, that it does not appear from its allegations that
the use for which the property is required is a public use.

With regard to the latter point, the allegation of the
complaint is, in effect, that the plaintiff was incorporated for
the purpose of constructing and operating a steam-railroad
"for the carrying of passengers and freight . . . for hire,"
etc.; and the specific point is, that this does not show that
it was for "*public* transportation," as mentioned in subdivision

4 of section 1238 of the Code of Civil Procedure. But the clause in which the quoted expression occurs is, we think, intended to qualify only the words, "canals, ditches," etc., and has no application to the preceding words. The construction is sufficiently clear from the nature of the qualifying clause; but it is also required by the provisions of the Civil Code, which impose on all railroad corporations the duties of common carriers, and confer upon them the right of acquiring lands, etc., under the provisions of the Code of Civil Procedure. (Civ. Code, secs. 481, 465, subd. 7.)

The other objection to the complaint is equally untenable. The allegations as to "the location, general route, and termini" of the plaintiff's road (Code Civ. Proc., sec. 1244, subd. 4) are, that the plaintiff was incorporated for the purpose of constructing a railroad, "commencing at the city and county of San Francisco, . . . and running in a general easterly direction to Stockton, . . . and thence in a general easterly and southerly direction to a point in the vicinity of Bakersfield; . . . that the location and general route of said railroad are from a point in the city and county of San Francisco, . . . or some point on the bay of San Francisco, or the waters discharging into it, in a general easterly direction to the said city of Stockton, and from said city . . . in an easterly and southerly direction to a point in the county of Kern, in the vicinity of the city of Bakersfield; and the termini of said railroad are respectively the city and county of San Francisco and the said point in the vicinity of said city of Bakersfield." The termini specified are the same as those given in the statement of the purpose of the plaintiff's incorporation, and are sufficiently alleged. (*California Southern R. R. Co.* v. *Southern Pacific R. R. Co.*, 67 Cal. 61; *Pasadena* v. *Stimson*, 91 Cal. 252.) Nor is there anything inconsistent with the alleged termini in the allegations of the complaint as to "the location and general route" of the road. These refer to the point of commencement of the location or course located, which, in the case of any road running easterly from San Francisco, as one of its termini, must necessarily be on the easterly shore of the bay, or on some of the waters discharging into it, and at a point on the general easterly course to Stockton mentioned. The point is not very exactly determined, nor is it necessary that it should

be. It is not a terminus of the road, but merely the commencement of its location, or course as located.

Another point urged is, that the court failed to find on certain issues raised by the complaint and answer. This is not exactly the case; for the court in fact finds that all the allegations of the complaint are true. But it is recited in the judgment that certain allegations (being all other than those covered by the verdict) were admitted by defendant in open court, and it appears from the bill of exceptions that this, in fact, was not the case. But it also appears from the bill that on some of these issues evidence was given, not only sufficient to justify the findings, but conclusively so; and with reference to these the error of the court in supposing the allegations to be admitted was in no way prejudicial to the defendant. The verdict of the jury determined the ownership of the lands affected by the suit, the value of the land condemned, and the damages accruing to the remaining land of the defendant, and the cost of fencing and ·cattle-guards, — thus disposing of all the matters provided for in section 1248 of the Code of Civil Procedure, that were involved. The remaining issues, or rather those to which the objections urged by the appellant refer, relate to the location of the road, to the necessity of the right of way, and to the compatibility of the location with the greatest public good or the least private injury. As to the location of the road through the land of the defendant, that was definitely shown by the description given in the complaint, — which is not questioned, — and by the verdict, and also by the testimony of the plaintiff's engineer, and the maps put in evidence; and there was no conflicting evidence. As to the location elsewhere, or the location and general course, there was no denial in the answer, except as to the termini, which were proved by the plaintiff's engineer, who testified, also, as to the definite location of the road from Port Richmond (on the bay) to Giant's Station, a point beyond the defendant's land. As to the necessity of the right of way, the existence of the public use and the location through the defendant's land establish the necessity. (Civ. Code, sec. 465, subds. 1, 4, 7; *Pasadena* v. *Stimson*, 91 Cal. 253.) With regard to the compatibility of the location of plaintiff's road with the greatest public good and least private injury, there was no issue.

The defendant indeed denies such compatibility, but there was no allegation on the point in the complaint, nor was any required (Code Civ. Proc., sec. 1244); nor was there any evidence. (*Pasadena* v. *Stimson*, 91 Cal. 255, 257.)

The remaining objections urged by the appellant are, that the judgment did not allow interest on the amount found by the jury, or require the payment of the costs as a condition of the final order of condemnation. It would doubtless be a reasonable provision to require the payment of costs as a condition of condemnation. But we find no provision of the code requiring this condition to be imposed. Nor is there any provision requiring interest to be allowed from the date of the verdict. The only condition imposed is the payment of "the sum of money assessed," "within thirty days after final judgment," and that "when payments have been made," etc., a final order of condemnation shall be rendered (Code Civ. Proc., secs. 1251, 1253), which seems to exclude the idea of any other condition than the one specified being proper.

I advise that the judgment and order appealed from — the former entitled "Preliminary order of condemnation" and the latter "Final order of condemnation" — be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from — the former entitled "Preliminary order of condemnation" and the latter "Final order of condemnation" — are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.