[Civ. No. 22918. Second Dist., Div. Two. Apr. 24, 1958.]

HOUSING AUTHORITY OF THE CITY OF LOS ANGELES, Plaintiff; CITY OF LOS ANGELES, Respondent; v. MARGARITA LOPEZ et al., Defendants; MANUEL ARECHIGA et al., Appellants.

G. G. Baumen for Appellants.

Roger Arnebergh, City Attorney, Peyton H. Moore, Jr., and Milton N. Sherman, Deputy City Attorneys, for Respondent.

FOX, P. J.—The property with which we are here concerned is the same as that involved in *Arechiga* v. *Housing Authority of the City of Los Angeles*, Civil No. 22714, *ante*, p. 657 [324 P.2d 973], also decided this day.

After the Housing Authority acquired the title to this property through the judgment in the condemnation suit, it conveyed said property to the city of Los Angeles. The deed to the city was recorded on September 27, 1955. The Arechigas ignored the demands of the city that they vacate the premises. In May, 1957, the trial court granted the city's noticed motion for an order directing the issuance of a writ of possession. This motion was supported by an affidavit showing title in the city. The Arechigas did not file any affidavit in opposition. They have appealed from the order.

The Arechigas contend that the city was not entitled to a writ of possession since the city had been neither substituted as a party in the condemnation action nor assigned the judgment therein.

 It is clear that the trial court has the power to issue a writ of possession to place the plaintiff in a condemnation suit in possession of the property condemned. (*Marblehead Land Co.* v. *Los Angeles County*, 276 F. 305.) The question which then arises is whether the grant to the city gave it the same right to obtain a writ of possession.

In this connection it must be borne in mind that the Housing Authority obtained its title to the land in question by means of a judgment. Such title was the very essence of the judgment. When the Housing Authority conveyed that title to the city it thereby transferred everything it acquired by the judgment even though the judgment itself was not specifically assigned. The judgment was merely a muniment of the title which the Housing Authority acquired and transferred to the city. The judgment is analo-

gous to a deed to land. When a grantee transfers the title to land represented by the deed to him, he simply executes a new deed rather than assigning the deed which he holds. It follows that it was unnecessary for the Housing Authority to assign the judgment in order to transfer all its rights and interest in the property. Since the Housing Authority had a right to possession of the property, such right passed to the city as a result of the conveyance. Therefore the city was entitled to a writ of possession even though the judgment was not assigned to it and it was not made a party to the action. It would be idle to require either of these acts.

Our conclusion finds support in *Richardson* v. *Superior Court,* 101 Cal.App. 638 [281 P. 1077]. In that case a wife brought an action for partition of certain real property against her husband, and after judgment she purchased the property at a foreclosure sale. She assigned the certificate of sale to one Richardson, who was thereafter given a deed to the property by the sheriff. Upon being denied a writ of possession by the county clerk, Richardson petitioned for a writ of mandate to compel the clerk to issue the writ. The appellate court granted the writ of mandate. In answer to the argument that Richardson was not entitled to a writ of possession because he was not a party to the partition and foreclosure proceedings, the court stated (p. 643): ''While it is true that the petitioner herein was not himself a purchaser of the property at the sale, there would seem to be neither reason nor rhyme in holding that a purchaser at a sale would be entitled to a writ of assistance to gain possession of the property, but that the assignee or grantee of the purchaser should not have the aid of the arm of the court to be placed into possession of property which has been duly deeded to him by the sheriff upon a proper transfer and assignment of the sheriff's certificate.'' To the same effect, see *Beck* v. *Kirk,* 69 Mont. 592 [223 P. 499, 501]; *Emerick* v. *Miller,* 159 Ind. 317 [64 N.E. 28, 31]; Ann.Cases 1913D, 1124; 4 American Jurisprudence, Writ of Assistance, section 11; 7 Corpus Juris Secundum, Writ of Assistance, section 3.

The order is affirmed.

Herndon, J., concurred.

Ashburn, J., concurred in the judgment.