[Civ. No. 25459. Second Dist., Div. Two. May 2, 1962.]

HOUSING AUTHORITY OF THE CITY OF LOS ANGELES et al., Plaintiffs and Respondents, v. MANUEL ARECHIGA et al., Defendants and Appellants.

Phill Silver for Defendants and Appellants.

James J. Arditto, Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, and Milton N. Sherman, Deputy City Attorney, for Plaintiffs and Respondents.

ASHBURN, J.—On January 11, 1961, defendants Arechiga moved for an order directing issuance of execution upon the judgment rendered in their favor in this eminent domain proceeding and including 7 per cent interest upon the award from February 20, 1953, to date of execution. The motion was denied and said defendants appeal.

On said February 20, 1953, Housing Authority of the City of Los Angeles, California, obtained an interlocutory judgment of condemnation of certain land belonging to appellants, designated as Parcel 454, for use as a site for a low rental housing project. The award was $10,050 for the taking, plus $7.45 costs. The judgment does not mention interest. It is declared therein that upon payment by plaintiff of said sums into court for the benefit of said defendants a final order of condemnation may be made and entered,—this pursuant to

section 1253, Code of Civil Procedure.[1] The language of the statute is mandatory, "the court must make a final order of condemnation." A deposit of $10,057.45 was made by plaintiff with the clerk of the court on March 13, 1953; this amount included no interest. On March 16, 1953, a final order was made (entered on the next day). It recites: "[P]roof having been made to the satisfaction of the Court that the amount awarded by said Interlocutory Judgment to said defendants, as said owner of and party interested in the real property sought to be taken and condemned in the above entitled action and more particularly hereinafter described, having been paid by said plaintiff into court on behalf of said defendants," and adjudges that plaintiff "does hereby take and acquire the fee title in and to said parcel of land."

At that time it was generally considered that interest on such a judgment would not start to run until expiration of 30 days after entry of interlocutory judgment. (See *City of Los Angeles* v. *Aitken,* 32 Cal.App.2d 524, 531 [90 P.2d 377]; *Vallejo etc. R.R. Co.* v. *Reed Orchard Co.,* 177 Cal. 249, 251-252 [170 P. 426]; *County of Los Angeles* v. *Lorbeer,* 158 Cal.App.2d 804, 814 [323 P.2d 542].) It was not then nor has it ever been necessary for the judgment to contain a direction for payment of interest; the obligation follows automatically. (*Glenn* v. *Rice,* 174 Cal. 269, 276 [162 P. 1020]; *Rogers* v. *Springfield Fire etc. Ins. Co.,* 92 Cal.App. 537, 540-541 [268 P. 679]; *Bellflower City School Dist.* v. *Skaggs,* 52 Cal.2d 278, 279, 281-282 [339 P.2d 848].) Hence, though the *Bellflower* case later established a right to interest from date of entry of interlocutory, there was no error in the interlocutory judgment as entered herein.

But the court did err in finding, on March 16, 1953, that the deposit of $10,057.45 effected payment of the award in full. Such is the purport of the *Bellflower* decision, *supra,* and such is the specific holding in *Arechiga* v. *Housing Authority of City of Los Angeles,* 183 Cal.App.2d 835, 841 [7 Cal.Rptr. 338], wherein it was also ruled that the error was judicial and the remedy an appeal from the final decree. In *People ex rel. Dept. Public Works* v. *Loop,* 161 Cal.App.2d 466, 480

---

[1]Code Civ. Proc., § 1253: "When payments have been made and the bond given, if the plaintiff elects to give one, as required by the last two sections, the court must make a final order of condemnation, which must describe the property condemned and the purposes of such condemnation. A copy of the order must be filed in the office of the recorder of the county, and thereupon the property described therein shall vest in the plaintiff for the purposes therein specified."

[326 P.2d 902], the final decree was reversed because entered upon a deposit which was not sufficient to cover all interest due. It follows that appellants herein had a remedy of appeal for some 60 days after entry of the final judgment on March 17, 1953. But they did not pursue it, that judgment became final and has since operated as a bar to recovery of interest.

Appellants came to life soon after the judgment became final. They filed an action in September 1953, seeking to set aside and enjoin enforcement of the condemnation judgment because of abandonment in July 1953, of the public purpose for which their property had been taken. They lost that action and appealed from the adverse judgment. It was affirmed by this division of this court in *Arechiga* v. *Housing Authority of City of Los Angeles,* 159 Cal.App.2d 657 [324 P.2d 973] (filed April 24, 1958). On the same day an order of May 1957, directing issuance of a writ of possession at the instance of the City of Los Angeles, as grantee of the Housing Authority, was affirmed by this court (*Housing Authority* v. *Lopez,* 159 Cal.App.2d 661 [324 P.2d 976]). On December 16, 1958, Division One of this court held in *Bellflower City School Dist.* v. *Skaggs* (Cal.App.), that interest starts with entry of an interlocutory judgment of condemnation. The Supreme Court granted a hearing and ruled the same way on June 5, 1959 (*Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d 278, 281-282).

In the interval between these two decisions the Arechigas, who have at all times refused to accept the amount deposited with the clerk for their benefit, began to complain about interest and started a new assault on the judgment in furtherance of an effort to collect the interest which they presumably would have obtained through an appeal from the final judgment had they taken one. On May 21, 1959, they filed an equity action seeking to set aside the judgment upon the ground of extrinsic fraud (Count I), praying for declaratory relief (Count II), and for quiet title (Count III). The first count was abandoned; the second was amended to allege that notice of entry of interlocutory decree was served on defendants on March 5, 1953; that no appeal was taken therefrom; that the interlocutory never became final because of the condemnor's failure to pay or deposit interest on the judgment and that the final order was void because made before payment or deposit of the award plus interest. From an adverse judgment entered upon sustaining of general demurrer the plaintiffs appealed.

The judgment was affirmed by Division Three of this court (*Arechiga* v. *Housing Authority of City of Los Angeles, supra,* 183 Cal.App.2d 835, filed August 19, 1960; hearing denied by Supreme Court), which held that the interlocutory bore interest from the date of its entry; the lower court made a judicial error in entering a final decree without requiring prior payment or deposit of interest as well as principal of the award; that such error was subject to correction on appeal but the right was lost by failure to pursue that remedy. (P. 841.) Discussing the claim that the entry of the final was premature the court held that such an entry is error and does not raise a jurisdictional question. (P. 843.)

That case decides adversely to appellants every substantial question presented by the instant appeal, every question except the procedural one presented by a motion for issuance of execution. Appellants' allegations and the arguments of counsel for both sides warrant our taking judicial notice of that record, as does the recent case of *Flores* v. *Arroyo,* 56 Cal.2d 492, 496 [15 Cal.Rptr. 87, 364 P.2d 263]. That judgment seems to be res judicata with respect to the motion for execution, which was filed on January 5, 1961. But we do not pursue this question further for we are satisfied to follow the decision of our third division because we deem it sound (with the exception of the dictum found in footnote 1 on p. 841).

Both sides discuss the effect of the disapproval by the Supreme Court in the *Bellflower* case, *supra,* of the decision in *County of Los Angeles* v. *Lorbeer, supra,* 158 Cal.App.2d 804, which, relying largely upon section 1264.7, Code of Civil Procedure,[2] decided on March 28, 1958, that "interest begins to run from the date when the right to abandon expires and the obligation to take becomes absolute." (P. 814.) Concerning this case the Supreme Court said, in *Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d 278, 282: "To the extent that the *Lorbeer* case is in conflict with the views here expressed, it is disapproved." As to *City of Los Angeles* v. *Atken, supra,* 32 Cal.App.2d 524, it said: "The *Aitken* case is not controlling, for the property owners there did not claim that interest ran from an earlier date."

[2]Code Civ. Proc., § 1264.7: "The term 'judgment' as used in this title means the judgment determining the right to condemn and fixing the amount of compensation to be paid by the plaintiff. The term 'final judgment' as used in this title means such judgment when all possibility of direct attack thereon by way of appeal, motion for a new trial, or motion to vacate the judgment has been exhausted."

Prior to this Supreme Court decision the *Aitken* case seemed to hold that interest on a condemnation award begins to run at the expiration of 30 days from entry of interlocutory judgment. *Lorbeer* expressly ruled that it did not begin until the plaintiff's right to abandon had expired. The Supreme Court rejected both views and established entry of interlocutory as the starting date.

 *County of Los Angeles* v. *Faus*, 48 Cal.2d 672 [312 P.2d 680], upon which both parties rely, says at page 680: "It is the general rule that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation and that the effect is not that the former decision was bad law but that it never was the law.

"A well-recognized exception to this general rule is that, where a constitutional provision or statute has received a given construction by a court of last resort and contracts have been made or property rights acquired under and in accordance with its decision, such contracts will not be invalidated nor will vested rights acquired under the decision be impaired by a change of construction adopted in a subsequent decision. Under those circumstances it has been the rule to give prospective, and not retrospective, effect to the later decision. (7 R.C.L. (1915), Courts, § 36, p. 1010.)"

This view was followed in *Forster Shipbldg. Co.* v. *County of Los Angeles*, 54 Cal.2d 450, 458-459 [6 Cal.Rptr. 24, 353 P.2d 736]; *Aced* v. *Hobbs-Sesack Plumbing Co.*, 55 Cal.2d 573, 580 [12 Cal.Rptr. 257, 360 P.2d 897]; *Houghton* v. *City of Long Beach*, 164 Cal.App.2d 298, 311 [330 P.2d 918]. But the facts at bar do not fit the *Faus* exception to the general rule. *Aitken* was not overruled; it was not decided by a court of last resort and the law declared in it was left in doubt by the *Lorbeer* decision. The basis for application of the exception stated in *Faus* is not here present. The court, in *Arechiga* v. *Housing Authority of City of Los Angeles*, supra, 183 Cal.App.2d 835, 841, said, referring to the right of appeal: "Having failed to avail themselves of that means of redress, they cannot now make a retrospective use of the *Bellflower* case in an attempt to have the final order vacated or declared to be a nullity. (See 30A Am.Jur., Judgments, § 710; *Berryhill* v. *United States*, 199 F.2d 217; *cf. Safeway Stores* v. *Coc*, 136 F.2d 771, 773 [78 App.D.C. 19, 148 A.L.R. 782].)"

 Appellants' counsel seeks to capitalize footnote 1 on page 841 of 183 Cal.App.2d. It says, in part: "While the

matter is not directly involved in the determination of this appeal, it should be noted that the condemnee is not without remedy where the full amount of the judgment is not paid. In Section 1252 of the Code of Civil Procedure, it is provided in part: 'If the money be not so paid or deposited, the defendants may have execution as in civil cases; and if the money cannot be made on execution, the court, upon a showing to that effect, must set aside and annul the entire proceedings, and restore possession of the property to the defendant, if possession has been taken by the plaintiff.' A case involving a dispute as to the matter of interest under the judgment is *City of Los Angeles* v. *Aitken, supra,* 32 Cal.App.2d 524. (See also *McPherson* v. *City of Los Angeles,* 8 Cal.2d 748 [68 P.2d 707].)'' This does not profess to be anything other than dictum. We hold the suggested remedy not applicable here.

Section 1251 says: ''The plaintiff must, within thirty days after final judgment, pay the sum of money assessed . . .'' and section 1252 starts with the statement that ''Payment may be made to the defendants entitled thereto, or the money may be deposited in court for the defendants, and be distributed to those entitled thereto''; then follows the language quoted in the footnote under discussion. ''Final judgment'' as used in section 1251 refers to the interlocutory (*City of Los Angeles* v. *Deacon,* 3 Cal.2d 641, 645 [46 P.2d 165]; *Bellflower City School Dist.* v. *Skaggs, supra,* 52 Cal.2d 278, 281). Plainly the language of sections 1251 and 1252 refers to the deposit of the amount awarded by the interlocutory judgment. The right to execution is given by the statute only in case of failure to pay or deposit. When a deposit has been made in an amount declared by the court to be correct, it seems to us obvious that the remedy of the condemnee is a motion made before entry of final decree to require an additional deposit, or after entry of final judgment a motion under section 473, Code of Civil Procedure, or one for new trial, or an appeal.

There is no equity in appellants' present position. They seek recovery of interest for approximately eight years, a period during which they consistently have refused to accept the award, although they lost the right to any interest thereon by failure to appeal or otherwise correct the error of the final decree which adjudicated that the award bore no interest.

True, that ruling now appears to have been erroneous in

the light of the *Bellflower* decision. But the fact of error therein does not support appellants' argument of denial of due process or other constitutional rights. As said in *Worcester County Trust Co.* v. *Riley*, 302 U.S. 292, 299 [58 S.Ct. 185, 82 L.Ed. 268] : "In any case the Constitution of the United States does not guarantee that the decisions of state courts shall be free from error, *Central Land Co.* v. *Laidley*, 159 U.S. 103 [40 L.Ed. 91, 16 S.Ct. 80] ; *Tracy* v. *Ginzberg*, 205 U.S. 170 [51 L.Ed. 755, 27 S.Ct. 461], or require that pronouncements shall be consistent. *Milwaukee Electric R. & Light Co.* v. *Wisconsin*, 252 U.S. 100, 106 [64 L.Ed. 476, 480, 40 S.Ct. 306, 10 A.L.R. 892]."

*Datta* v. *Staab*, 173 Cal.App.2d 613, 621 [343 P.2d 977] : "Due process does not guarantee either a correct decision or consistency in decision."

The order is affirmed.

Fox, P. J., and Herndon, J., concurred.