[Civ. No. 11104. Third Dist. Dec. 29, 1965.]

CITY OF SACRAMENTO, Plaintiff and Appellant, v. CITIZENS UTILITIES COMPANY OF CALIFORNIA, Defendant and Respondent.

Everett M. Glenn, City Attorney, Raymond McClure, McDonough, Holland, Schwartz, Allen & Wahrhaftig and Martin McDonough for Plaintiff and Appellant.

Bacigalupi, Elkus & Salinger, Claude N. Rosenberg and William Fleckles for Defendant and Respondent.

GOOD, J. pro tem.*—This appeal raises the question, hereinafter stated, that was expressly reserved from decision in an earlier appeal entitled *City of North Sacramento* v. *Citizens Utilities Co.*, 218 Cal.App.2d 178 [32 Cal.Rptr. 308],

*Assigned by the Chairman of the Judicial Council.

arising out of the same condemnation proceeding. The facts preexisting the present record are stated at length at pages 181 through 184 of volume 218. However, a brief recapitulation is necessary herein.

In December 1956 the City of North Sacramento (now a part of the City of Sacramento and hereinafter referred to as the "city") pursuant to Public Utilities Code section 1401 et seq. instituted condemnation proceedings to acquire the water system owned by Citizens Utilities Company of California. After extended hearings the Public Utilities Commission in 1958 fixed the just compensation, evaluated as of December 3, 1956, at $2,206,000. In November 1959 an interlocutory judgment was entered in the trial court for that amount "subject to modification by reason of such increase or decrease as may hereafter be certified to this Court by the Public Utilities Commission. . . ." This clause was mandatory under section 1416 of the Public Utilities Code. Pursuant to section 1417 of said code the utility petitioned the commission for an increase of said award by reason of expenditures made to preserve and improve the water system after said date of evaluation. The city likewise petitioned to decrease the award by reason of depreciation, loss or destruction of the properties. After selling its bonds, the city deposited into court the original "just compensation" award and assumed possession of the water system on May 25, 1962, pursuant to a "*final*" order of condemnation entered May 17, 1962. The appeal hereinabove referred to was taken from this order. As was explained in the decision therein (218 Cal.App.2d, fn. 1, p. 180) quotation marks were and are used herein because said "final" order and the amount of just compensation therein designated ($2,206,000) were still expressly subject to modification if increase or decrease was ordered by the commission at the conclusion of the proceedings still pending before it. (Cf. 218 Cal.App.2d, at pp. 180, 183, 192-193.)

On February 4, 1964, the commission filed its findings and decision on the pending betterments and depreciation petitions. Both parties had stipulated that hearing thereon should be continued and the matters determined as of the date of change of possession. The commission found that the just compensation theretofore fixed at $2,206,000 should be increased by $232,000. After the utility's petitions for rehearing by the commission and for a writ of review by the Supreme Court were denied, on August 4, 1964, it moved the

superior court to modify the interlocutory judgment by increasing the amount of just compensation by $232,000, with interest thereon from May 25, 1962, until paid. The interest demand was contested and the court found that "the equities require" interest to be paid on the supplemental amount as requested from the date of change of possession. A modification was accordingly ordered on August 20, 1964.

As we have noted, the city's present appeal raises the question expressly reserved from discussion or consideration in the former appeal. After stating the question there involved, namely, "whether the trial court erred in issuing said order [of May 17, 1962] and in putting the city into possession without exacting, as a condition precedent thereto, payment of 7 per cent interest on the $2,206,000 from the date of said interlocutory judgment (November 5, 1959) to the date when possession was taken," the court continued as follows: "(It was agreed by the parties during oral argument that the question of the allowance of interest on any judgment which may hereafter be made for a possible supplemental award for 'betterments' to be made by the commission hereafter is not before us for decision.)" (218 Cal.App. 2d at pp. 180-181.) It is this reserved question that is posed by the city's present appeal.

The former appeal held: "[U]nder Public Utilities Code section 1401 et seq., increases or decreases in the original award *covering the period after the filing of the petition* [by a governmental agency] *and until the condemner takes possession* shall be made exclusively by the commission under sections 1417-1419; that Code of Civil Procedure section 1255b, providing for interest-less-benefits during this period, is inapplicable; that California Constitution article XX, section 22, has no application to special proceedings under statutes enacted pursuant to article XII, section 23a." (218 Cal.App.2d at pp. 191-192; italics supplied.) It may be noted that the equities arising out of facts peculiar to condemnation proceedings wherein a governmental agency or municipality is the condemner and a public utility is the condemnee were considered by this court not so much to accomplish justice between the parties but to determine the intent of the Legislature in enacting Public Utilities Code section 1401 et seq. pursuant to the plenary grant of power contained in article XII, section 23a. It was there pointed out that the mere pendency of the condemnation proceeding does not have

the same impact upon the property and business of a public *utility that such proceedings have on private property not impressed with a public use,* and therefore ''just compensation'' does not require payment of interest on the original award from the date of the institution of the proceedings to the entry of the judgment that is pursuant to section 1416 of said code expressly subject to modification if increase or decrease is ordered pursuant to sections 1417-1419 thereof.

In *Metropolitan Water Dist.* v. *Adams,* 16 Cal.2d 676, at page 680 [107 P.2d 618], it was said: ''There can be no question, we think, that just compensation for the taking of respondents' property includes not only the actual cash value, or market value of said property, but *also the actual cash value of the use of said property from the date of the taking possession thereof up to the date of judgment,* if possession is taken by the condemner prior to judgment.'' (Italics supplied.) At page 681 the court continued: ''. . . Legal interest is frequently accepted as the basis for fixing the measure of damages.'' In the light of the federal decisions cited, the Supreme Court equated legal interest with damages for the value of the use of the property from the date of the taking possession up to the date of payment therefor. Particularly cogent is the court's quotation, also at page 681, from *Seaboard Air Line R. Co.* v. *United States,* 261 U.S. 299, 306 [43 S.Ct. 354, 67 L.Ed. 664] : ''It is obvious that the owner's right to just compensation cannot be made to depend upon state statutory provisions. . . . The requirement that 'just compensation' shall be paid is comprehensive and includes all elements and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation.'' Refusal to allow an undisputed value or element of damages in fixing just compensation would constitute a deprivation of property without due process of law and a disregard of the condemnee's right to just compensation in violation of both federal and state constitutions. (*Marin Water etc. Co.* v. *Railroad Com.,* 171 Cal. 706 [154 P. 864, Ann.Cas. 1917C, 114].) In *City of Los Angeles* v. *Aitken,* 32 Cal.App.2d 524, it was held at page 534 [90 P.2d 377] : ''. . . Interest upon the award is not in the nature of 'additional compensation' . . . . On the contrary, as we have seen, it is a method devised for the purpose of assuring the condemnee that he will receive the 'just compensation' to which he is entitled under section 14, article I of the Constitution of California.'' In *Chicago, Burlington &*

*Quincy R. R. Co.* v. *Chicago,* 166 U.S. 226, 236-237 [17 S.Ct. 581, 41 L.Ed. 979, at page 985], in discussing a state's eminent domain statute, the Supreme Court of the United States said: "The mere form of the proceeding instituted against the owner, even if he be admitted to defend, cannot convert the process used into due process of law, if the necessary result be to deprive him of his property without compensation." Although the cited provision of the California Constitution is inapplicable, it nevertheless follows that in condemnation proceedings under the Public Utilities Code, if the condemnee utility is precluded from receiving the use value of its investment or the interest equivalent thereof when possession of its properties is taken prior to payment therefor, the process provided by said code would constitute a violation of the due process clause of the Constitution of the United States. As to this element of damage, no reasonable distinction exists that justifies a different measure of "just compensation" where the property of a public utility rather than that of a private party is taken.

This element of damage is not covered by the Public Utilities Code. Section 1416 provides that, subject only to modification pursuant to sections 1417-1419, the finding of the commission fixing "just compensation to be paid by the political subdivision for the lands, property, and rights [of the public utility] shall be final and shall not be subject to modification, alteration reversal, or review by any court. . . ." Section 1418 contains a like provision for finality if there is a further order for increase by reason of necessary expenditures made by the utility to preserve or improve its land, property or rights subsequent to the institution of the proceedings or for decrease by reason of loss, destruction, deterioration or depreciation.

 We do not believe the Legislature intended to deprive the owners or shareholders of public utility properties of earnings on its capital investment after a take by a political subdivision and before payment of full compensation. Nor could it do so. The language of the code does not compel the result. In the context of sections 1416-1419, inclusive, as well as other sections of chapter 8 of said code, insofar as the commission is granted the exclusive jurisdiction to fix the award to be paid *for the lands, property and rights,* that jurisdiction appears to be limited to elements of damage enumerated. The words emphasized have obvious

reference to the physical assets, water rights, rights of way and franchises that commonly pertain to and are necessary adjuncts to the public service discharged by a public utility. Compensation for the use value of its investment after a change of possession and before payment is made is a right of the utility but it is not a right that is being acquired by condemnation and is not within the purview of said code.

The award of interest as part of the modified judgment from the date of change of possession does not constitute a modification, alteration, reversal or review of the finding of the commission fixing just compensation for the lands, property and rights of the utility. The requirement to make such award does not stem from section 1255b of the Code of Civil Procedure nor from the interest provisions of article XX, section 22. As was heretofore held in the earlier appeal, neither section is applicable to proceedings under the Public Utilities Code. The power of the trial court to make such award is based upon the federal Constitution and was so characterized in the *Metropolitan Water District* and *Marin Water Company* cases discussed and cited, *supra.* As we have seen the power exists independently of any statutory provision.

The order appealed from is affirmed.

Friedman, Acting P. J., concurred.