H.C. ATUALEVAO MEREDITH et al., Plaintiffs

v.

AMERICAN SAMOA GOVERNMENT, Defendant

High Court of American Samoa
Land & Titles Division

LT.No. 012-85

June 25, 1985

Before GARDNER, Chief Justice, Presiding, TAUANU'U, Chief Associate Judge, and LUALEMAGA, Associate Judge.

Counsel:   For the Plaintiffs, John Ward
           For the Defendants, Enere Levi, Assistant Attorney
                General

Defendant has moved for a Summary Judgment. The parties are in agreement that there are no justiciable issues of fact.

## FACTS

In 1960 the American Samoa Government (hereafter A.S.G.) condemned 554 acres of land in Tafuna for airport purposes. Included was 72.72 acres of communal land of Lemeana'i family. For this the former title holder received, under protest, $18,857.61 Prior to receiving this compensation the Lemeana'i family land had been adjudged the owners of this property in High Court case No.16-1957. The condemnation case, No.15-1959, decreed that the 554 acres was taken for public use and vested fee simple title in A.S.G.

Some time in 1960 A.S.G. established a new section of road between the airport terminal and extending toward the village of

Ili'ili. This severed some 16 acres from the original 72.72 acres taken. Two years later A.S.G. leased some property adjacent to this 16 acre parcel from the owners and in turn leased it to F.A.A. for radio facilities. At the same time A.S.G. leased the 16 acre parcel to F.A.A. for radio facilities. This parcel was used by F.A.A. for radio facilities until 1984. Since that time the parcel has been used for A.S.G's rock crushing operations.

Plaintiff family wants its land back.

## DISCUSSION

Although the land was taken for "Airport Purpose", the use of the land for F.A.A. facilities was consistent with that taking. The taking was not limited to runway purposes. The communications facilities of F.A.A. for traffic control are essential to the operation of an airport. The initial taking was for a legitimate public purpose.

Thereafter its use for rock crushing operations does not vest the title back in the original owner. As the leading California case of Arechiga v. Housing Authority, 324 P.2d 976 points out, once land is condemned for a public purpose, title vests in the government in fee simple. It does not revert to its original purpose. The reason for this rule is plain. The property owner received fair market value for his property when taken. Thereupon title vested in the condemning authority so as to give that public authority the opportunity to change its use to meet changing conditions.

But, says the plaintiff, while that may be the rule in the United States it is not the rule in American Samoa. Plaintiff contends that by condemnation proceedings in this territory the Government gets only a right to use (perhaps an easement) which exists only as long as the special use is maintained.

To reach this rather novel application of the laws relating to eminent domain, plaintiff contends that under 48 U.S.C. section 1661(b) "off island case law" has no application to American Samoa.

48 U.S.C. section 1661(b) provides: "The existing laws of the United States relative to public lands shall not apply to such lands in the said islands of Eastern Samoa; but the Congress of the United States shall enact special laws for their management and disposition." By reason of this section, plaintiff contends the case law authorities on eminent domain are meaningless.

However, that provision applies only to public lands as described in over 700 pages of 43 U.S.C. secstions 1-670 which pertain to the management and control of public lands, i.e. homesteads, timber and grazing lands, reclamation and sale of

public lands. It has nothing to do with acquisition by eminent domain. Apparently Congress has never passed any such special laws for the management and disposition of any such public lands assuming any such public lands exist in the territory.

Thus, this provision appears to be meaningless insofar as the issues in this case are concerned.

Nevertheless, plaintiff contends that in the territory the Government in eminent domain proceedings can only acquire a right to "use" communal land and when the government attempts to use the land in a manner inconsistent with the original taking the land reverts to the family.

Plaintiff's argument goes something like this.

1. Section 2 of the so-called Treaty of Cession provides that the Government "shall respect and protect the individual rights of all people dwelling in Tutuila to their lands or other property . . . but if the said government shall require any land or other thing for public use the Government may take the same upon payment of a fair consideration for the land or other thing to those who may be deprived of their property on account of the desire of the government." (The latter sounds suspiciously like a reservation to the government of the right of eminent domain.)

2. Under Article 3 of the Constitution of American Samoa the Government is obligated to protect persons of Samoan ancestry against alienation of their lands and the destruction of the Samoan way of life. (Article 2 of the same Constitution provides for the right of eminent domain.)

3. The courts have held that the hallmark of the Samoan way of life is the communal land system.

From all this, Plaintiff argues that in condemnation proceedings the government can acquire no clear legal title, only the use of land.

The court is unpersuaded.

At every step of this territory's history there has carefully been reserved the right of eminent domain.

The right of eminent domain is of ancient origin. It is an inherent political rights of sovereignty based on the doctrine of necessity. It is essential to the existence of government--- the use of property of the individual for the benefit of all. The constitutions provide only for just compensation for property taken (Amdt V, U.S. Const.; Art. 2, Am. Samoa Const.) By statute the right is express (A.S.C.A. sec. 37.2001). For that right to be effective the government must have full and unqualified ownership of the land taken. It must have unrestricted title, whatever name that title may go by. The presumption that all

68

land is communal and the commitment to the Samoan way of life does not overcome the urgent need for unrestricted title to condemned land. When the original matais ceded this territory to the United States it was with a specific recognition of the right of eminent domain. (Section 2, Treaty of Cession.) That right is not impaired by the communal land system. The usual rules pertaining to eminent domain prevail.

Defendant's motion for summary judgment granted.