[Civ. No. 25179.   Second Dist., Div. One.   Aug. 14, 1961.]

THE PEOPLE ex rel. the Department of Public Works, Appellant, v. IRVING A. PODRAT et al., Respondents.

Robert E. Reed, George C. Hadley, R. B. Pegram, Hugh R. Williams, Charles B. Spencer, Jr., and Louise D. Dale for Appellant.

Anson, Gleaves & Larson and Milnor E. Gleaves for Respondents.

WOOD, P. J.—In this eminent domain action (for highway purposes) the People appeal from the portion of the judgment in condemnation with respect to the amount of interest that should be awarded.

The parties stipulated that the market value of the four parcels involved herein was $407,000 (which has been paid); and that the only issue to be tried was the amount of interest to be allowed.

The complaint was filed on May 20, 1959.

On September 1, 1959, an order for possession of the property was signed and filed. The order provided that the plaintiff, upon compliance with the provisions of section 1243.5 of the Code of Civil Procedure, was authorized to take immediate possession of the property.

On September 8, 1959, the Division of Highways served, on the owners, a "Notice of Intention to Take Possession."

The notice stated that it was necessary that the Division of Highways take physical possession of the property in the near future, but "not sooner than ten days from this date [September 8, 1959]." A copy of the "Order for Possession" was attached to the notice.

On certain days during the period of time from November 4 to November 18, the respective owners and their lessees were served with another "Notice of Intention to Take Possession." The notice stated, in part, (1) that on September 1, 1959, the court made its "Order for Possession" authorizing the plaintiff to take possession of the property after giving notice as provided in section 1243.5 of the Code of Civil Procedure; and (2) that the owners and lessees were thereby given further notice that the plaintiff would take physical possession of the property "on and said Order for Possession will become effective the 1st day of December, 1959." A copy of the "Order for Possession" was attached to the notice.

The plaintiff took possession of the property on December 1, 1959.

The judgment provided, among other things, that the owners should receive interest from September 1, 1959 (the date the court signed and filed the order for possession).

Appellant (condemner) contends that interest should not have been awarded from September 1, 1959, but should have been awarded from December 1, 1959, when appellant actually took possession.

Section 1255b of the Code of Civil Procedure (new section enacted in 1959)[1] provides: "If the plaintiff in a condemnation proceeding obtains an order from the court for possession of the property sought to be condemned prior to the trial of the action, then the compensation and damages awarded shall draw lawful interest from the effective date of said order."

This appeal (with respect to the interest issue) has been presented by the parties on the basis that interest is allowable from the effective date of the order for possession, and that the question for decision is what was the effective date of that order.

As above shown, the new section (1255b) relates to allowing interest when possession is taken *before* trial; and that section provides that interest shall be "from *the effective date* of said order." (Italics added.)

---

[1] Said section became effective on September 17, 1959,

Section 1249 of the Code of Civil Procedure (enacted in 1872) relates to allowing interest when an order for possession is made *after* trial. That section (1249) states that interest shall be "from *the date* of such order." (Italics added.)

It thus appears that the new section (1255b), relating to possession *before* trial, provides that interest is allowable from the *effective* date of the order of possession, and that section 1249, relating to possession *after* trial, provides that interest is allowable from *the date* of the order for possession.

Appellant argues that the "effective date" of the order for possession, in the present case, was not the date when the order was signed and filed (September 1) but was the date which appellant designated, in the notice to the owners, as the date possession would be taken (December 1).

Appellant argues further to the effect that since the words "effective date" were used in the new section 1255b (possession before trial) and only the word "date" was used in the older section 1249 (possession after trial), the Legislature intended that the words "effective date" (with reference to order before trial) in the new section should have a meaning different from the word "date" (with reference to order after trial) in the older section.

Appellant refers to the provisions of section 1243.5 of the Code of Civil Procedure wherein it is stated: "In any case in which the State . . . takes immediate possession of lands to be used for . . . a right of way . . . the State . . . shall, at least three days prior to the time possession is taken, personally serve on or mail to the record owner . . . and the person or persons in possession of the property, if any, either a copy of the order of the court authorizing such possession or a notice thereof. . . ." That section (1243.5), providing for three days' notice, was enacted in 1957 (two years before section 1255b was enacted). Appellant asserts that the provision in section 1243.5 requiring three days' notice to the owner is a condition precedent to the right to take possession, and therefore an order for possession before trial cannot be effective until after that condition is satisfied, that is, until at least three days after the order is filed. Appellant asserts that the Legislature, in enacting section 1255b in 1959, was aware that section 1243.5, which was enacted two years previously, contained the provision for the three days' notice (the condition precedent), and that the Legislature was aware that an order for possession could not be effective immediately

upon the date the order was signed; and the Legislature, therefore, inserted the word ''effective'' in section 1255b in order to allow time for the notice to be served before the order became effective. A further argument of appellant is that (1) in view of the fact that the words ''effective date'' are in the new section 1255b, and the word ''date'' is in the older section 1249, and (2) in view of the condition precedent (requirement of three days' notice) in section 1243.5, the Legislature intended that interest under a possession order, made before trial, should run from a date other than the date the order was signed and filed.

As above stated, the order for possession recites that the plaintiff (appellant), upon compliance with the provisions of section 1243.5, is authorized to take possession of the property. It thus appears that the order was conditional or contingent in that appellant was authorized to take immediate possession when appellant complied with the provisions of said section 1243.5. That section provides, as above indicated, that when the state takes immediate possession of lands for a right of way, the state shall, ''at least three days'' prior to taking possession, serve on or mail to the owner, and the persons in possession if any, either a copy of the order for possession or a notice of the order. It thus appears that the order itself shows that it was not effective immediately (after being filed) as an order authorizing appellant to take possession immediately.

On September 8, 1959, appellant served a ''Notice of Intention to Take Possession'' on the owners; and a copy of the Order for Possession was attached to the notice. The notice stated that it was necessary to take possession of the property in the near future, ''but not sooner than ten days from this date.'' Although the notice did not state definitely when possession would be taken, it did state in effect that it would not be necessary to take possession within the next 10 days. It thus appears that a copy of the order for possession was served on the owners, as provided in section 1243.5, ''at least three days'' before appellant took possession. When a copy of the order was so served, the order became effective. It therefor appears that the effective date of the order, as to the owners, was September 12, 1959 (three days after serving copy of the order).

Appellant has stated in the opening brief that an examination of Senate Bill, Number 2538, (for year 1959) will dem-

onstrate that section 1255b was not inadvertently enacted with provisions different from the provisions of section 1249. Appellant states that said bill originally provided for ''interest from the date of said order,'' and that the qualifying word ''effective'' was written in so that the statute as finally enacted provided for interest from the ''effective date'' of the order. It appears that there was no Senate bill bearing that number in 1959. The bill which became section 1255b was Senate Bill, Number 347, and the bill as originally presented on January 28, 1959, provided for ''interest from the effective date of said order.'' That bill was not amended but was enacted as presented.

A further contention of appellant is to the effect that if interest is allowable in the present case from the time the order for possession was made or from the effective date of the order, then the reasonable rental value of the properties or the actual amount of rental received by the owners, during the interest period, should be offset against such interest. Appellant cites *City of Los Angeles* v. *Aitken,* 32 Cal.App.2d 524 [90 P.2d 377] and *People* v. *Superior Court,* 145 Cal.App. 2d 683, 692 [303 P.2d 628] in support of the contention regarding offset of rent against interest. In the first cited case (*Aitken*) there was an extended discussion relative to the question as to whether rent should be offset against interest, and it was said therein that interest could be offset by proof that the possession, pending appeal (the interest period), was profitable to the owners; but the record did not show such proof. In the second cited case (*People* v. *Superior Court*), after referring to the *Aitken* case, it was said (p. 692) that there was no proof that any rents had been received. It thus appears that the statement in the *Aitken* case to the effect that rent might be offset against interest was dictum. Section 1255b, which was enacted after those decisions, provided as above shown that interest should be allowed, but it did not provide that rent or the value of possession might be offset against the interest. In other words, the dictum of the *Aitken* case as to offset was not included in the new section which provided for interest. Such omission might be regarded as an indication that the Legislature did not intend, at that time, that rent or the value of possession should be offset against the interest which was therein allowed. If the Legislature had intended that there should be such an offset or diminution of the benefit allowed, it would seem that it would

have so stated as a part of the new legislation. The court did not err in not allowing an offset of rent against interest.

It is to be noted that said section 1255b of the Code of Civil Procedure was amended in 1961 (to become effective on September 15, 1961), whereby the provision as to when interest should commence was clarified, and whereby provision was made for offsetting the value of possession and rents against interest.[2]

The judgment is modified by providing therein that the interest to be recovered by the respective owners of each of the four parcels shall be from September 12, 1959, instead of September 1, 1959. As so modified, the judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied September 11, 1961, and appellant's petition for a hearing by the Supreme Court was denied October 11, 1961.

---

[2]Section 1255b, as amended in 1961, provides in part: "(a) The compensation and damages awarded in an eminent domain proceeding shall draw legal interest from the earliest of the following dates: (1)........ (2)........ (3) The date after which the plaintiff may take possession of the property as stated in an order authorizing the plaintiff to take possession. (b) If after the date that interest begins to accrue the defendant continues in actual possession of or receives rents, issues and profits from the property, the value of such possession and of such rents, issues and profits shall be offset against the interest that accrues during the period the defendant continues in actual possession or receives such rents, issues or profits."