[Civ. No. 7059. Fourth Dist. May 27, 1963.]

THE PEOPLE ex rel. THE DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. SALEM DEVELOPMENT COMPANY, INC., Defendant and Appellant.

Guilford & Kleinman and Robert E. Guilford for Defendant and Appellant.

Robert E. Reed, George C. Hadley, Charles E. Spencer, Jr., and Robert W. Vidor for Plaintiff and Respondent.

BROWN (G.), J.— The defendant Salem Development Co., Inc., has appealed from that portion of a judgment in an eminent domain proceeding which fails to allow interest on an award, and from an order of the court refusing to charge the jury with defendant's proposed instruction respecting interest. The latter point is of no concern for the reason that if defendant is entitled to interest it is not a factual situation to be decided or calculated by the jury, but follows as a matter of law without the necessity of a jury instruction. There was no error in refusing the instruction. (Code Civ. Proc., § 2102.)

 On August 19, 1960, the People sued to condemn ap-

pellant's unimproved property for freeway purposes. On August 23, 1960, an order for possession of the property was signed by the court and entered by the clerk, authorizing respondent to take immediate possession upon compliance with section 1243.5 of the Code of Civil Procedure, with the provision "that the effective date of this Order for Possession for purposes of section 1255b of the Code of Civil Procedure shall be the date stated for the taking of physical possession of said property contained in the notice required by section 1243.5 of the Code of Civil Procedure." It is this last provision which forms the issue upon which this appeal is taken. There was no notice served under section 1243.5 of the Code of Civil Procedure. Respondent People did not take possession of the property until after trial and judgment.

The language of section 1255b of the Code of Civil Procedure as it existed August 23, 1960, provides: "If the plaintiff in a condemnation proceeding obtains an order from the court for possession of the property sought to be condemned prior to the trial of the action, then the compensation and damages awarded shall draw lawful interest from the effective date of said order."

Section 1243.5 of the Code of Civil Procedure, as it existed in 1960, reads in part: "(a) In any case in which the State, . . . takes immediate possession of lands to be used for . . . a right of way, pursuant to Section 14 of Article I of the Constitution of this State, the State, . . . shall, at least three days prior to the time possession is taken, personally serve on or mail to the record owner or owners of the property, if known, and the person or persons in possession of the property, if any, either a copy of the order of the court authorizing such possession or a notice thereof. . . ."

The matter before us is to determine if interest ran from the date the order for possession was signed by the court and entered, or whether the court could qualify the time from which interest began by providing that it would start on "the date stated for the taking of physical possession of said property contained in the notice required by section 1243.5 of the Code of Civil Procedure."

In brief, the court placed a condition on the effective date of the order, setting forth what prerequisite was necessary before the order was to become effective. The appellant contends the court did not have the power to place such a condition on the order. This contention is without merit. (*People*

ex rel. *Department of Public Works* v. *Podrat,* 194 Cal.App. 2d 696 [15 Cal.Rptr. 343].)

In the *Podrat* case an eminent domain action was filed May 20, 1959; on September 1, 1959, the court signed an order for possession; the order provided that the plaintiff, upon compliance with the provisions of section 1243.5 of the Code of Civil Procedure, was authorized to take immediate possession of the property; on September 8, 1959, plaintiff served a notice of said order by letter upon the defendant. The court held that upon serving the copy of the order for possession as provided in section 1243.5, the order became effective three days thereafter. The effective date of the order, for interest drawing purposes, was not when the order was signed and filed, but the time when the plaintiff complied with section 1243.5 of the Code of Civil Procedure. The trial court was entitled to direct that possession might be taken only upon the happening of certain conditions; and under these circumstances, as a matter of law, the order did not become effective under section 1255b until compliance with those conditions.

The *Podrat* decision is determinative of the case before us because the instant order provided for possession on compliance with section 1243.5 of t.he Code of Civil Procedure; compliance therewith never occurred; and under the decision therein the order never became effective.

The appellant complains there has been an interference with the "totality of ownership" in its property, that it has been partially deprived of the use of its property by the order of possession even though physical possession was not taken by the respondent. Practically, the chief interference with appellant's ownership was the filing of the condemnation action in the first place; this was notice to the world the People were taking the property.

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred.